GEORGE W. HEWITT, SHERIFF, ETC., Defendants in Error,
v. TIMOTHY LALLY, Plaintiff in Error.

1. *Partition, sale under — Judgment, motion for against bidder, etc.*—Where the purchaser at a partition sale refuses to pay the amount bid by him for the property, and the property is afterward resold for a less sum, the sheriff may recover the difference by proceedings on motion, as in case of sales under execution. (Wagn. Stat. 610, §§ 46, 47.)

*Error to Hannibal Court of Common Pleas.*

*G. H. Shields*, for plaintiff in error.

*J. L. Robards*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

This was a motion made by George W. Hewitt, sheriff of Marion county, for judgment against Timothy Lally for the sum of $80, the amount of loss alleged to have been occasioned by his refusal

to pay the sum bid by him at a sale of certain lands under an order of the Hannibal Court of Common Pleas in partition. There is no dispute about any of the facts in the case. That Lally bid and refused to comply with the terms of the sale, that the property was re-sold and brought a less price, and that the proceedings were regular throughout, are all admitted. The court gave judgment on the motion for the plaintiff.

The case is argued in this court solely upon the theory that there is no law justifying the action of the court in giving judgment upon the motion; that the provision for such a proceeding upon execution sales does not extend to sales in partition. Under the head of execution the statute declares that if the purchaser refuse to pay the amount bid for property struck off to him, the officer making the sale may again at the same term re-sell such property to the highest bidder, or he may re-sell the property on a subsequent day as though no previous sale of the property had been had; and if any loss shall be occasioned thereby, the officer shall recover the amount of such loss, with cost, by motion before any court, or before any justice of the peace, if the same shall not exceed his jurisdiction; and such court or justice shall proceed in a summary manner and give judgment and award execution therefor forthwith. (Wagn. Stat. 610, §§ 46–47.)

The partition law provides that in partition sales " the sale shall take place during some day of the term of the court, and be governed by the same regulation prescribed by law for sales of real estate under execution, notice thereof being given by the sheriff in the same manner as provided by law for such sales." (Wagn. Stat. 960, § 31.)

If the bidder at an execution sale refuses to comply with his contract and carry out the same according to its terms, the officer may again re-sell the property, and the first bidder will be liable for any deficits that may occur by reason of the property not bringing the same amount on a second sale. . .This penalty is necessary to preserve integrity and prevent bad faith in judicial sales.

A sale made by the sheriff upon a judgment in· partition is as much a judicial sale as a sale made by the same officer upon execution. And the reason for enforcing the same rule in respect to

the obligation of bidders is equal in both cases.   That the statute intended to prescribe the same penalty in both classes of cases, I entertain no doubt.   The partition sale takes place during the term of the court, and is to "be governed by the same regulations prescribed by law for sales of real estate under execution."   The regulations do not extend simply to the notice of sale, but to the putting up of the property and bidding therefor, and if the purchaser refuses to pay or comply with the terms of his bid, then to the re-sale of the property and summary proceedings against the delinquent.   The statute, though penal, is nevertheless remedial in its character and was designed to subserve a useful purpose.

The Legislature, when they enacted certain regulations to govern sales under executions, made them apply equally to sales in partition.   The reason for the proceeding is the same in both, and the spirit and intention of the law will so apply to them.

With the concurrence of the other judges the judgment will be affirmed.