MRS. ANNIE K. KAMPMAN, APPELLEE, v. BASCUM NICE-
WANER ET AL., APPELLANTS.

FILED MAY 2, 1900.     No. 9,233.

1. **Confirmation of Sale:** VACATION OF ORDER. A court of equity, when justice requires it and its powers are seasonably invoked, may vacate an order confirming a judicial sale and discharge the purchaser who has become such through fraud, accident or mistake.

2. ———: EQUITABLE RELIEF. An order confirming a judicial sale adjudicates only the proceedings under the order of sale; it has no relation to such grounds for equitable relief as were unknown to the parties and to the court at the time the order of confirmation was entered.

3. **Judicial Sale:** APPRAISEMENT OF PROPERTY. Where no attack has been made on an appraisement of property for the purpose of

a judicial sale, an order setting aside such appraisement is unauthorized.

4. ———: SECOND APPRAISEMENT. There is no authority in the law for a second appraisement of property for the purposes of a judicial sale, unless such property remains unsold for want of bidders, after having been twice advertised and twice offered for sale under the first appraisement.

APPEAL from the district court of Antelope county. Heard below before ROBINSON, J.  *Reversed.*

*J. F. Boyd,* for appellants:

That appellee had full knowledge of each succeeding step of the proceedings through her agent, can not be questioned, and this fact is clearly established by the evidence in this case.  Notice to the agent being notice to the principal, she is bound by it.  *Pereau v. Frederick,* 17 Nebr., 117; *Merriam v. Calhoun,* 15 Nebr., 569; *Wullenwaber v. Dunigan,* 30 Nebr., 877.

Even if her agents had no authority to make the bid for appellee, it must be conceded that she through them had notice of the nature of this bid before confirmation, and, without protest or objection thereto, asked to have the sale confirmed and deed executed.  No objection whatever being made until after the sheriff had commenced proceedings, by attachment in the district court, this delay by appellee amounts to a ratification and confirmation of the sale, and she is estopped from denying the validity of the bid made by her agents in her behalf. *Prine v. Syverson,* 37 Nebr., 860; *Swartz v. Duncan,* 38 Nebr., 782.

*H. D. Kelly* and *Fred H. Free, contra:*

A judicial sale can be set aside for irregularities and an *alias* order of sale issued, and a new appraisement made.  *Nebraska Loan & Trust Co. v. Hamer,* 40 Nebr., 281.

The appellee did not act through any authorized agent, as the facts disclosed.

18

The record discloses that there was no laches on the part of appellee. At the very term of court at which the first sale was confirmed she moved the court to set the sale aside for the reason that there was a grave mistake and irregularities in the sale. Appellants have cited the case of *Swartz v. Duncan*, 38 Nebr., 782. This case is not in any way in point. The facts in the case are that the plaintiff there rested on his rights for a term of five years or more without any objection. In the case at bar there is a repudiation of the acts of the parties, a disclaimer and motion to set aside, all made within the very term of court at which the first confirmation was had.

SULLIVAN, J.

Annie K. Kampman employed H. D. Kelly, Esq., of the Madison county bar, to act for her in foreclosing a mortgage covering real estate situate in Antelope county, and directing him, in case the property should be sold under a decree of the court, to bid the amount of her claim, but under no circumstances to bid more than that amount. In pursuance of his employment, Mr. Kelly, in behalf of his client, commenced an action in the district court against the owner of the land and others having interests therein, obtained a decree of foreclosure, and caused an order of sale to be issued for its enforcement. He then wrote H. L. McGinitie of Neligh as follows:

"An order of sale has been issued in the case of Annie K. Kampman vs. Bascom Nicewaner in the district court of your county and is no doubt now being advertised for sale. Will you kindly look the matter up and bid the land in in the name of the plaintiff for two-thirds of the appraised valuation in case there are no other bidders, but in case there are other bidders, then bid the land up to the amount of our claim and oblige."

Mr. McGinitie, acting under the authority of this letter, attended the sale and caused the mortgaged premises

to be struck off to Mrs. Kampman for the sum of $934. The appraised value of the property was $1,368.11, and the amount of plaintiff's claim at the time of the sale was $574.73.   After the sale had been confirmed Mr. Kelly discovered that the land had been bought in in violation of his client's instructions and thereupon, and during the same term at which the order of confirmation was entered, moved the court to rescind its action and direct a resale of the property.   This motion was sustained and the sale and appraisement were set aside. The property was afterwards reappraised; its valuation was fixed at $581.97, and it was sold to the plaintiff for $662.31.   From an order confirming the second sale, E. C. Coon, the owner of the property, prosecutes this appeal.

Under the circumstances disclosed by the record the court was undoubtedly warranted in revoking the order of confirmation and releasing the plaintiff from her bid; not because the authority conferred upon Kelly, to bid the amount of the mortgage debt, was incapable of being delegated (*Renwick v. Bancroft*, 56 Ia., 527; *Bodine v. Exchange Fire Ins. Co.*, 51 N. Y., 117; *Grady v. American Central Ins. Co.*, 60 Mo., 116; *McKinnon v. Vollmar*, 75 Wis., 82), nor because the plaintiff could not be bound beyond the limits of the authority actually given to her agent (*Markey v. Mutual Benefit Ins. Co.*, 103 Mass., 78; *Hatch v. Taylor*, 10 N. H., 538; *Cruzan v. Smith*, 41 Ind., 288; *Inglish v. Ayer*, 79 Mich., 516; 1 Am. & Eng. Ency. Law [2d ed.], 995; Meacham, Agency, sec. 283), but for the reason that it is clearly within the power of a court of equity, when justice requires it, and its action is seasonably invoked, to vacate a judicial sale and discharge a purchaser who has become such through fraud, accident or mistake.   *Paulett v. Peabody*, 3 Nebr., 196; *Frasher v. Ingham*, 4 Nebr., 531; *Norton v. Nebraska Loan & Trust Co.*, 35 Nebr., 466, 40 Nebr., 394; 12 Am. & Eng. Ency. Law [1st ed.], 235; 12 Ency. Pl. & Pr., 89.   Foreclosure sales are made by the court, which is always fair and just

to those with whom it deals; it is not bound to hold purchasers to the performance of unconscionable contracts, or any contract which has been entered into through a venial error, especially if the rights of third parties have not intervened and the litigants are left where they were before. The fact that there has been a confirmation of the sale is not at all important; that is an adjudication touching only the regularity of the proceedings under the order of sale; it has no relation to such grounds for equitable relief as were unknown to the parties and to the court at the time the order of confirmation was entered. *Taylor v. Courtnay*, 15 Nebr., 190; *McKeighan v. Hopkins*, 19 Nebr., 1.

The trial court was entirely right in setting aside the sale to Mrs. Kampman and releasing her from her bid, but it was manifestly wrong in vacating the first appraisement. There is no authority in the law for a second appraisement of property for the purposes of a judicial sale, unless such property shall remain unsold for want of bidders, after having been twice advertised and twice offered for sale under the first appraisement. Sec. 495, Code Civil Procedure; *Burkett v. Clark*, 46 Nebr., 466; *Beardsley v. Higman*, 58 Nebr., 257; *Scottish-American Mortgage Co. v. Nye*, 58 Nebr., 661. There was no attack made on the first appraisement and there existed no legal reason for setting it aside. The order of the court went too far; it deprived appellant, E. C. Coon, of a substantial right; it resulted in his land being sold for less than two-thirds of its lawfully ascertained value, although such land had never failed to sell, under the first appraisement, for want of bidders. The error indicated rendered all subsequent proceedings irregular and makes a reversal of the second order of confirmation imperative.

REVERSED AND REMANDED.