McNAMEE, Defendant in Error, v. COLE, Plaintiff in Error.

St. Louis Court of Appeals, November 17, 1908.

1. **TRIAL BY JURY: Partition: Bidder Refusing to Take Property Struck off to Him.** Where a bidder for real estate sold under a decree of partition refuses to take the property, he may be proceeded against in a summary way by motion to recover the difference between the amount of his bid and the amount the property brought on second sale, and in such case he is not as a matter of right entitled to a trial by jury.

2. **PARTITION: Sales: Caveat Emptor.** A purchaser at a sale in partition suit stands on the same footing as a purchaser at an execution sale. He can not be excused from answering in damages for refusing to go on with his purchase on the ground that the property bid in by him was incumbered, or because on a second sale the bidders were expressly notified of incumbrances.

3. ———: ———: ———: **Misrepresentations: Second Sale.** Where there was a sale in partition and no intentional misrepresentation on the part of the commissioner making the sale, but a statement by him that there were certain mortgages on the property which led a bidder to believe there was no other incumbrance, while in fact there was also an easement which

lessened its value, and there was conflicting evidence as to whether a certificate was accessible showing the condition of the title, such facts would not as a matter of law constitute misleading conduct which would justify the bidder in refusing to take the property struck off to him. Nor would the fact that bidders at a second sale were apprised of the condition of the title make it a different title so as to constitute a defense to an action for the difference between the two bids.

4.  PRACTICE: Partition: Control of Action: Parties.  Where a special commissioner appointed by the court to make a sale in a partition proceeding filed a motion for judgment against a bidder for the difference between his bid and the amount which the property brought on a second sale, parties interested in the property had no power to order a dismissal of the proceeding; it was in the control of the commissioner.

5.  PARTITION: Sales: Second Sale.  Where a bidder in a sale under a partition proceeding refused to take the property and a second sale was had, the commissioner was not required to give notice at the second sale that it was sold on account of the purchaser, in order that he might recover the difference between the two bids.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*R. M. Nichols* for plaintiff in error.

(1)  The testimony showed that there was either an omission, by the commissioner and the auctioneer, to state at the public sale the actual condition of the title, either through ignorance or forgetfulness, amounting to a mistake, or a suppression of the real facts; in either of which case a court will relieve a purchaser at a partition sale, it being shown, as in this case, that the purchaser would acquire an imperfect title or a smaller area than he did purchase.  McKee v. Logan, 82 Mo. 524; Heim v. Schwoerer, 100 N. Y. Supp. 808, 187 N. Y. 543; Smyth v. McCool, 29 N. Y. 297; Breckenridge v. Nally, 59 N. Y. 39; Jordan v. Billon, 77 N. Y. 519; Cronter v. Cronter, 133 N. Y. 55, 30 N. E. 726; Morris v. Howatz, 2 Paige 586, 22 Am. Dec. 661; Veeder

v. Fonda, 2 Paige Ch. 940; Seaman v. Hicks, 8 Paige Ch. 655; Dunscombe v. Holst, 13 Fed. 11; Pope v. Erdman, 17 S. W. 145; Cowper v. Weaver, 29 L. R. A. 1; 24 Cyc. of L. & P., p. 59.   (2)   A court of equity will not compel a purchaser to take an imperfect title, or a title which with the incumbrance of an alley and partition wall, was shown to be worth from $3,000 to $5,000 less than Mr. Cole bid for it.   Toole v. Toole, 112 N. Y. 333; Smith v. Britton, 3 Iredell Eq. 347, 42 Am. Dec. 175; Wanser v. De Nyse, 188 N. Y. 378, 80 N. E. 1088; Ramsey v. Hersker, 153 Pa. 480, 26 Atl. 433; Campman v. Nicewaner, 60 Neb. 212; Shields v. Allen, 77 N. Car. 375; Edeney v. Edeney, 80 N. Car. 81; Preston v. Fryer, 38 Md. 221; McCafery v. Little, 20 App. D. C. 116. (3)   The resale of the property May 20, 1907, subject to the alley, the party wall agreement and the taxes for 1906, was on terms different from the sale to the defendant Cole on January 3, 1907, and upon terms less advantageous.   Certainly the property would not bring as much if sold subject to the party wall agreement, the three foot alley and the taxes for 1906, as if sold free and clear of these incumbrances.   The measure of damages is destroyed.   The difference between the price Mr. Cole bid and the second purchaser bid, does not furnish the measure of damages because the basis was different.   Pepper v. Deakyne, 212 Pa. 181, 61 Atl. 805; Banes v. Gordon, 9 Pa. 426; Freeman v. Husband, 77 Pa. 389; Hare v. Bedel, 98 Pa. 485; West v. Derrick, 100 Pa. St. 509; Riggs v. Purcell, 74 N. Y. 370; Roy v. Adams, 59 N. Y. Supp. 1047; Hendricks v. Davis, 27 Ga. 167, 73 Am. Dec. 726; Shinn v. Roberts, 20 N. J. L. 435, 43 Am. Dec. 630; Mitchner v. Lloyd, 16 N. J. E. 38; Hammond v. Gilleaud, 111 Cal. 206, 43 Pac. 607; Smith v. Roberts, 106 Ga. 106; Howison v. Bakley, 118 Ala. 215; 17 Ency. of Law (2 Ed.), p. 1027; Jones on Mortgages (4th Ed.), sec. 1643.   (4)   The court should direct the dismissal of this proceeding, so far as it af-

fects the interests of Else, Rosa and Clara Weil, upon the ground that they are three of the substantial plaintiffs in this proceeding, and a plaintiff always has the right to dismiss as to himself. 6 Enc. P. and P., p. 853; R. S. 1899, sec. 639; Kehoe v. Phillipe, 42 Mo. App. 293.

*Selden P. Spencer* and *E. N. Robinson* for defendant in error.

GOODE, J.—This appeal came here as a branch of a suit in partition. Instead of being divided in kind, the land of which partition was asked, was sold pursuant to the judgment of the court by a Special Commissioner and the plaintiff in error, John J. Cole, bid it in for $17,025, paying the Commissioner five hundred dollars on the purchase price. The property was a lot in the city of St. Louis described as in city block 135, beginning at the intersection of the south line of Clark avenue with the east line of Seventh street, and running thence east along the south line of Clark avenue 127 feet 6 inches, more or less, to an alley, thence south along the west line of said alley 48 feet 7 inches, thence west parallel with said south line of Clark avenue 36 feet, thence north parallel with the said west line of said alley 22 feet, thence west parallel with said south line of Clark avenue 91 feet 6 inches to the east line of Seventh street and thence north along the east side of Seventh street 26 feet 7 inches to the place of beginning. The sale was approved without objection. Cole afterwards refused to comply with his purchase and the property was resold by the Commissioner for about $2,500 less than Cole's first bid. These facts are set out by the Commissioner in a petition or motion filed in the circuit court, asking that Cole be required to pay the Commissioner the difference between his (Cole's) bid and what the property brought at the second sale.

In answer to the motion or petition, Cole alleged, in substance, that a different piece of property of less value than the one he had bought, was sold the second time—one burdened with certain easements. The evidence shows the property described had a party wall on it one foot thick and extending from the east side of Seventh street westwardly 91 feet 6 inches, and also a private alley three feet wide and 26 feet 7 inches long, extending from the north line of Clark avenue at a point 91 feet 6 inches south of Seventh street. At the first sale nothing was said about either the party wall, the alley, or the taxes for 1906; but the Commissioner informed those present a certificate of title was at hand and could be read by any one who wished. The certificate showed the existence of the party wall, the alley and the taxes for the year 1906. Cole denies the auctioneer said at the first sale he had a certificate of title which would be shown to any one who desired to see it, and says nothing was said by the auctioneer about the title, except that the property was sold subject to certain interests and liens, other than those set up in Cole's answer, and that these interests and liens would be taken up out of the purchase money. Some bystander at the second sale asked the Commissioner about the title, whereupon the Commissioner read the certificate to the crowd, thereby notifying them of the easements and the unpaid taxes. After the first sale Cole arranged with the Misses Weil, who had owned interests in the property, to turn over his bid to them and let them take his place as purchaser of the lot. They failed to complete the purchase, and afterwards, when the Commissioner called on him to do so, he procured a certificate of title for himself and discovered the incumbrances. Inasmuch as these incumbrances or easements were announced to the bystanders at the second sale, Cole insists a different parcel of ground was then sold which brought less than the one first

sold. The published notices of the two sales described the lot according to the description first aforesaid, not mentioning the easements. There is evidence to show Cole declined to complete the deal after the Weil sisters refused to do so, because it was inconvenient for him to raise the money and also because of a doubt as to the value of the property in comparison with his bid. But he insists his only reason was the existence of the easements and liens. The court gave judgment against Cole for $2,500, being the difference between the amounts of the bids at the two sales, less the five hundred dollars Cole had paid on his bid, and he appealed.

The court refused to declare, on the evidence, the finding should be for defendant, either against plaintiff's demand, or on his counterclaim for five hundred dollars he had paid on his bid; also refused to declare if it found the property in question was sold by the Commissioner January 3, 1907, to defendant for $17,025, and defendant refused to complete the purchase because the title was incumbered by a private alley and the party wall agreement, and further found there was, on May 20, 1907, a second sale by the Commissioner for $14,500, and that said second sale was made subject to said incumbrances, the verdict should be for defendant, and his damages assessed at the sum already paid by him. A declaration was given for defendant to this effect: if the property was sold January 3, 1907, at public auction to defendant for $17,025, and before the sale the Commissioner represented to defendant the title was perfect and the property had the area stated in the description contained in the notice of sale and set out above, the verdict must be for defendant for what he had paid on his bid. Different inferences of fact might be drawn regarding the truth of the several issues between the parties, and, therefore,

our province is to review the rulings on requests for declarations of law.

1.    We must notice first the error assigned for refusing to grant defendant a trial by jury. In Hensley v. Baker, 10 Mo. 157, Hensley, who had bid for a slave sold under execution by Baker, a sheriff, refused to pay the amount of his bid on the ground the slave was unsound; whereupon the sheriff again sold for a less sum and proceeded on the statute by motion against Hensley for the difference between the two prices. The statutes provided then, as they do now, if a bidder at an execution sale refused to pay the amount of his bid for property struck off to him, the officer making the sale might again sell to the highest bidder as though no previous sale had occurred, and if a loss was occasioned, recover the amount of it on motion before a court or justice in a summary way. [R. S. 1835, p. 258, secs. 40, 41 (Mo. Ann. St. 1899, secs. 3202, 3203).] Hensley demanded a jury to try the motion and having been denied one, he assigned error for the refusal on appeal. The Supreme Court held that, as the statute directed such proceedings to be on motion and it was not usual to try the truth of facts on which motions were predicated by a jury, the granting of a jury was discretionary. In Hewitt v. Lally, 51 Mo. 93, a proceeding by motion for judgment against the defendant in favor of the sheriff, for a loss occasioned by the defendant's refusal to pay for land he had bid in at a partition sale, wherefore it was resold for less, the Supreme Court said like proceedings were prescribed for sales of land in partition suits as for sales under execution; citing Wagner's Statutes, p. 610, secs. 46, 47 (Mo. Ann. St. 1899, secs. 3202, 3203) and Wagner's Statutes, p. 960, sec. 31 (Mo. App. St. 1899, sec. 4407). The statute last cited is found in the chapter on Partition and says partition sales shall be governed by the same regulations as execution sales. Because of that statute

the Supreme Court held a recusant bidder at a partition sale, to whom property had been struck off, might be proceeded against in a summary manner by motion, to recover the difference between the amount of his bid and the amount the property brought on the second sale. By the like reasoning it would follow that if a jury trial is not a matter of right in a proceeding against a defaulting buyer at an execution sale, it is not when the proceeding is against such a buyer at a sale in partition.

2. Defendant asserts he was justified in refusing to complete his purchase, because he ascertained subsequent to the sale, the property was incumbered in the manner stated. It will be observed the court declared the law exempted him from liability if the Special Commissioner who conducted the sale, or his auctioneer, represented to defendant the title to the lot was perfect and that its area conformed to the description we have given; but refused to exempt him if the Commissioner merely sold the property by the calls and boundaries thus described, and he refused to take it on account of the incumbrances, whereupon there was a second sale subject to the incumbrances, for a less sum. In other words, the court excused defendant if the Commissioner represented the title to the lot was perfect, but refused to excuse him merely because the first sale occurred without allusion to the incumbrances; whereas at the second they were mentioned and the bystanders told the property would be sold subject to them.

(a) Many cases have been cited from New York and other States in which courts, because a doubtful and unmarketable title would be acquired, relieved purchasers at partition and other judicial sales (not under common *fi. fa.'s*) from the duty to complete their contracts. The law in those States, is that a sale pur-

suant to a decree in partition or other proceeding in the nature of a chancery suit, is supposed to pass a good title, and unless it does, the buyer is not bound to take the property. We have read the numerous citations in defendant's brief on this point, but only refer to the following as typical. [Heim v. Schwoerer, 100 N. Y. 808; Jordan v. Poillon, 77 N. Y. 518; Riggs v. Purcell, 74 N. Y. 370; Veeder v. Fonda, 3 Paige Cg. 940; Ramsey v. Hersker, 153 Pa. St. 480; Pepper v. Deakyne, 212 Pa. 181.] As distinguished from this rule the law in Missouri is that sales in partition suits instituted on the statutes, stand on the same footing as execution sales; the purchaser buys at his peril and must beware of his title. It is held the Legislature did not intend to make the parties to such a proceeding responsible for the title to the land, but the sheriff sells, as in case of ordinary execution sales, whereat the buyer understands he gets only the title the judgment debtor held. [Owsley v. Smith's Heirs, 14 Mo. 153.] In Swartz v. Dryden, 25 Mo. 572, after the land had been sold certain trustees to whom a lot had been conveyed for a public graveyard, filed a motion to have the lot set apart for this purpose, which was granted and the purchaser of the land asked a *pro tanto* deduction from the price bid. Following the case cited supra, the court held that in statutory partition there was no warranty of title and the purchaser was not entitled to a reduction of his bid. In Cashion v. Faina, 47 Mo. 133, land had been bought at a partition sale and a note given for part of the purchase price, on which note the sheriff afterwards sued and the defense was interposed there was no title to one of the parcels the maker of the note had purchased. This answer was struck out on motion; correctly, the Supreme Court held, because such a sale purports to pass only the interest of the parties to the proceeding and persons claiming under them. From the foregoing decisions

the conclusion is to be drawn that defendant cannot be excused from answering in damages for refusing to go on with his purchase, merely because the property, as advertised and sold, was incumbered by easements; or because at the second sale the Commissioner expressly notified the bidders of the easements. Hence no error occurred in refusing the second declaration of law requested by defendant.

(b) As the court gave the declaration exonerating defendant if the title was represented to be perfect, of course, error is not assigned for this ruling; but defendant complains the court found wrongly as to the facts predicated in the declaration, and this contention raises the question of whether, on the whole evidence, it is apparent there was a misrepresentation regarding the title. In each of the opinions supra rendered by our Supreme Court, it was said, either expressly or by inference, that where fraud or misrepresentation occurred at the sale, or a careful purchaser had been led into mistake by the conduct of the seller, the court might, prior to confirmation, set the sale aside. This rule fails to reach the present case, because the sale to defendant was confirmed without objection from him, and, therefore, it is contended by plaintiff's counsel he can have no relief against his contract. We think it unnecessary to determine whether, if facts of fraud, misrepresentation or innocent but misleading conduct on the part of the Commissioner, came to defendant's knowledge after confirmation, he might not be excused from completing the transaction. It looks like he would have a footing in equity under those circumstances. [Campman v. Necewaner, 60 Neb. 212; Riggs v. Purcell, 74 N. Y. 370; Preston v. Fryer, 38 Maine, 221; Smith v. Britton, 3 Ired. Eq. 347; Becker v. Richardson, 41 N. J. Eq. 656. We do not take up the point for decision because, regarded in the light most favorable to defendant, the evidence falls short of consist-

ently pointing to conduct of the Commissioner which ought, in reason, to have induced the belief in defendant's mind the property was unincumbered. It is conceded no intentional fraud or misrepresentation occurred, the argument being that the Commissioner's omission to refer to the easements at the first sale, in connection with his statement that certain mortgages were on the property, led defendant to believe there were no incumbrances except the mortgages. But all the testimony does not indicate the Commissioner mentioned the mortgage liens, or made any representation about the title. Witnesses for defendant stated the incidents of the first sale as follows: a certificate of title to the property was in prepartion, and the Commissioner waited a few moments until it came from the abstracter's office. This certificate showed all the liens, incumbrances and easements, but neither the Commissioner nor the auctioneer whom he had cry the sale, read it. The auctioneer read the advertisement of the sale, which contained a description of the property, then stated to the crowd he had a certificate of title in his hands which any one who wished might examine, or he or his attorney would answer questions about the title. Thereupon a sale of the property was cried and defendant bid it off. Accepting this version as correct, it is manifest nothing was said or done adapted to impart a wrong impression regarding the title. On the contrary, defendant and the other bystanders, by reading the certificate of title, could have learned of the easements. We might admit such facts as were related by other witnesses, would constitute an innocent misrepresentation of title likely to deceive a buyer. Some witness said the auctioneer did not refer to the certificate of title at the first sale, but mentioned mortgages amounting to $3,500 and back taxes, saying these liens would be discharged out of the purchase money and then the title would be perfect. Defendant failed

to hypothesize, in a requested declaration of law, facts sufficing to constitute misleading conduct; and as these facts were not uniformly stated by the witnesses, the court ruled correctly, as far as this matter is concerned, in refusing to give a peremptory declaration in defendant's favor.

3. It is insisted the difference between the amount bid for the property at the two sales is no true measure of the damages sustained by the commissioner, because a different property was sold the second time. We will allow the law is as defendant contends, if his statement of facts is correct. [Pepper v. Deakyne, Ramsey v. Hersker, Riggs v. Purcell, supra; Roy v. Adams, 59 N. Y. Supp. 1046; West v. Derrick, 100 Pa. St. 509; Hammond v. Gilleaud, 111 Cal. 206; Smith v. Roberts, 106 Ga. 106.] It is true the easements were spoken of at the second sale and not at the first; but it does not thence follow a different title was sold. The property was sold by the same description, and as the certificate of title was present at the first sale and bystanders were notified they could inspect it and ask questions about the title, on these facts the court might find the same premises were sold, and on the authority of the statutes (secs. 3202, 3203) and of the decision in Hewitt v. Lally, treat the difference between the prices as the measure of plaintiff's damages.

4. It seems that two or three persons interested in the property and its proceeds, and who were parties to the partition suit, had directed the dismissal of this proceeding against defendant, and it is argued the court erred in failing to dismiss it. This is the Special Commissioner's motion wherein he acts in effect, as a master in chancery. He is entitled to the price defendant bid, to be returned into court and disposed of as the court may direct. The persons in question had no power to order a dismissal of any portion of the proceeding, though, after the money is paid,

they may release defendant from liability to them and have their shares turned over to him.

5.    It is argued the property was not sold the second time for the general account of defendant and, therefore, in making the second sale the first one was treated as a nullity.    What the statute said was, the second sale should be held as though no previous one had been made (secs. 3202, 3203), and the loss recovered in a summary way.    The Commissioner was not required to give notice he sold on account of the defendant as the first purchaser.    Defendant will receive the benefit of the price paid by the second purchaser in the way of a credit on his bid.

The judgment is affirmed.    All concur.