**STATE ex rel. PEABODY COAL COMPANY, Relator,**

v.

**The Honorable Jack A. POWELL, Judge of the Circuit Court of Greene County, Missouri, Respondent.**

**No. 60665.**

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

James F. Mauze, St. Louis, Shook, Hardy
& Bacon, David H. Clark and Elwood L.
Thomas, Kansas City, for relator.

William H. Sanders, Howard F. Sachs,
Kansas City, for respondent.

SEILER, Judge.

This is an original action in prohibition.
The question presented is whether the respondent judge, after having ordered a
change of venue, can later, over the objection of one of the parties, set the order
aside and make another order transferring
the case on a change of venue to a different
county from the one originally named. Relator asks us to prohibit the judge from
doing so and to require him to reinstate his
original order.

The matter arises this way: relator Peabody Coal Company filed an action against
defendant Kansas City Power & Light
Company in Henry County, Missouri for
declaratory judgment and for actual and
punitive damages. Defendant filed an application for change of venue and an application for change of judge. The regular
judge disqualified himself and this court
assigned respondent to rule on the application for change of venue.

On December 7, 1977, both parties appeared before respondent in Greene County
and after hearing argument on where the
case should be sent on change of venue, the
respondent ruled in open court from the
bench that the case would be transferred to
St. Louis County as the major metropolitan
area where the least amount of local contact with the parties existed and then entered the following order on his docket
sheet:

"12/7/77—Parties appear by counsel.
Defendants application for change of
venue argued. Change of venue ordered
to St. Louis County, St. Louis, Missouri
on the original record."

Later that afternoon defendant's counsel
ex parte raised the question with respondent as to whether, in view of § 508.140,

RSMo 1969, a change of venue could be awarded other than to some other county in the adjoining or next adjoining circuit.[1] Respondent thereupon, without notice to relator, entered the following order on the docket sheet:

"12/7/77—The above order set aside for further argument on law. Parties given ten days to file suggestions."

Subsequently the parties filed briefs and respondent on December 27, 1977, by letter, indicated his intention to order the case transferred on change of venue to Jackson County, Missouri "where there can be no question that the court has authority to act."

Thereafter the parties appeared before respondent on January 4, 1978. A record was made as to what had occurred and respondent granted relator additional time in which to seek extraordinary relief before entering his intended order. Relator filed its action for extraordinary relief with the court of appeals, Kansas City district.

The Kansas City district requested us to transfer the case before opinion, believing that the case is more appropriate for this court in light of the possible conflict between our rule 51.03 and the above-mentioned statute and the possible involvement of Mo.Const., art. V, § 5. We acquiesced, ordered the transfer, and will proceed to decide the case as though it had originally been filed here.

■ The first question to be resolved is whether, having made the order transferring the case to St. Louis County, respondent was without power and authority to rescind the order because if not, then, having revoked the order, there is no question that he could send the case to Jackson County under either the rule or the statute and we need look no further.

Relator takes the position that respondent lost jurisdiction completely and totally upon the making of the docket entry changing the venue to St. Louis County. Defendant Kansas City Power & Light contends that respondent possessed inherent power to control and change his own order.

Rule 51.13, adopted November 15, 1974, effective September 1, 1975, provides as follows:

*"51.13 Order of Change of Venue May be Annulled, When*

A court which has granted a change of venue shall have the power to annul the order, with consent of the parties, at any time before the papers or transcript are filed in the court to which the venue was changed."

Here the parties did not consent to the respondent's withdrawal or annulment of his order transferring the cause to St. Louis County. Plaintiff opposed it. Therefore, the condition under which respondent could set the order aside did not exist. By specifically providing for a limited situation under which the original court has power to retract its order, this court has necessarily provided that no such power rests with the original court in situations not provided for by the rule. There would be no point in adopting rule 51.13 giving the court power to annul its change of venue order in the narrow situation where the parties consent if the court already possessed the power to make such a change without the consent of the parties.

Respondent argues that under rule 75.01, whereby the trial court "retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time", he was authorized to do what he did in setting aside the December 7 order transferring the cause to St. Louis County.

We do not agree. Rule 75.01 does not apply to the rule situation before us, which is covered by a specific rule, rule 51.13. If rule 75.01 were to apply, we would have the anomalous situation where the judge ordering the change of venue would have control over the cause for thirty days, even though in the meantime it was proceeding under a different judge in the county to which it had been sent.

---

1. St. Louis County is not within an adjoining or next adjoining circuit to Henry County.

■ Counsel for respondent argues further that respondent has not, in reality entered any order in this case or taken "any definitive action." This argument is bottomed on the fact that the proceedings before Judge Powell, the respondent, took place not in Henry County, but in Greene County, where respondent is circuit judge, and on the further fact that the docket sheet used by Judge Powell was a Greene County form, unnumbered, and said to be of no more significance than a "personal diary" of the judge's activities.

Under rule 55.29, respondent was authorized to hold the hearing outside Henry County on the determination of the county to which the cause was to be transferred on change of venue, even if the parties did not consent (although it is clear that the parties were all agreeable to holding the hearing in Greene County).[2] The fact that respondent did not use a docket sheet with the words "Circuit Court of Henry County" at the top and instead used a form with the words "Circuit Court of Greene County" on it does not render meaningless and of no legal effect the entries made thereon by respondent. The names "Peabody Coal Company" and "Kansas City Power and Light Company" are typed on the docket in the proper places as plaintiff and defendant. The same docket sheet was used by Judge Powell for the entry he made later in the day on December 7 purporting to set aside his earlier order. It also was used by Judge Powell for subsequent entries made on December 8, 15, 27, 29 and January 4.

We believe it is clear Judge Powell was using the docket sheet in question as the official docket sheet in the Henry County case for the purpose of performing the duties imposed on him by the order of this court assigning him to rule on the change of venue application. We overrule respondent's contention that the entries made thereon by respondent do not constitute official orders in the Henry County case.

The remaining question is whether rule 51.03 or § 508.140 governs as to the range within which the case may be transferred. Rule 51.03(c), adopted January 19, 1973, effective September 1, 1973,[3] modified the prior rules on change of venue by providing that the court "shall order the case transferred to some other county convenient to the parties, first giving all parties the opportunity to make suggestions as to where the case should be sent." The prior rules, 51.06 and 51.07, limited the removal or transfer to some county in the same, adjoining or next adjoining circuit. Section 508.140, RSMo 1969, which sets forth procedure on application for change of venue, contains the same limitation.

■ Mo.Const., art. V, § 5 provides "The supreme court may establish rules of practice and procedure for all courts. The rules shall not change substantive rights . . . ." Where such a rule adopted by this court under the express authority of the constitution is inconsistent with a statute and has not been annulled or amended by later enactment of the legislature, the rule supersedes that statute. *State ex rel. Bone v. Adams*, 365 Mo. 1015, 291 S.W.2d 74, 77; *State v. Fleming*, 451 S.W.2d 119, 121 (Mo.1970); *State v. King*, 380 S.W.2d 370, 375 (Mo.1964). The rules which permit change of venue and transfer of cases thereunder are procedural. They do not create, destroy or modify anyone's primary rights.

Therefore, respondent was authorized to transfer the case to St. Louis County and, as earlier stated, he did not have authority to rescind or annul his order in the absence of the consent of the parties, and thus the cause remains transferred to St. Louis County.

The provisional rule is made absolute.

MORGAN, C. J., BARDGETT, FINCH, DONNELLY and RENDLEN, JJ., and SIMEONE, Special Judge, concur.

---

2. Rule 55.29 provides, in part, as follows: "No hearing, other than one . . . to determine the county to which a civil action is to be sent on change of venue, shall be conducted outside the county without the consent of all parties affected thereby."

3. The rule was repealed and readopted without change November 15, 1974, effective September 1, 1975.