**Ralph L. HINES, Plaintiff-Appellant,**

v.

**Edna A. HINES, Defendant-Respondent.**

No. 12253.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 1981.

John A. Watkins, Greenfield, for plaintiff-appellant.

Robert L. Payne, Greenfield, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff sought partition of real estate owned by him and defendant, as tenants in common. Pursuant to court order the sheriff conducted a sale of the property and defendant, at $45,000, was the high bidder. Defendant could not "come up with the amount" of her bid and the sale was readvertised and the property sold for $40,100. By motion the sheriff sought judgment against defendant for $4,900. The trial court denied the motion and final judgment was entered.

Plaintiff contends that the sheriff's method of proceeding was proper under §§ 528.-370 and 513.240, RSMo 1978. Section 528.-370 provides that partition sales are "governed by the same regulations prescribed by law for sales of real estate under execution". Section 513.240 provides that if a bidder refuses to pay the amount of his successful bid at an execution sale of real estate, the officer holding the sale may resell the property and can proceed by motion against the bidder for the loss on resale. Under § 513.245, RSMo 1978, the court then proceeds "in a summary manner" to grant judgment against the bidder. This procedure has been held applicable in partition. *Hewitt v. Lally,* 51 Mo. 93 (1872); *McNamee v. Cole,* 134 Mo.App. 266, 114 S.W. 46 (1908). See also 68 C.J.S. Partition § 190, p. 312.

However, we do not believe under the present partition procedure that the officer conducting a sale may proceed by motion against a defaulting bidder. Partition is strictly statutory. *Phelps v. Domville,* 303 S.W.2d 601, 605 (Mo. banc 1957); Ottman, Partition in Missouri, 6 Mo.L.Rev. 87, 88 (1941). As the action and its procedures are statutory, the sheriff could only proceed in a manner authorized by statute or rule. The order of sale, the initial sale and the resale took place in 1981. Supreme Court Rule 96, pertaining to partition of real estate, was changed effective January 1, 1981. Former Rule 96.37, repealed January 1, 1981, was similar to § 528.370 and provided that partition sales shall follow the procedure for sales of real estate under execution. See Rule 76.19. No such provision is now contained in Rule 96 and it appears to us to set forth the complete procedure for partition sales.

Providing the procedure for sales under court order is within the supreme court's authority to "establish rules relating to practice, procedure and pleading for all

courts". Mo. Const. Art. V, § 5. Where such a rule is inconsistent with a statute and the rule has not been annulled or amended by later enactment of the legislature, the rule supersedes that statute. *State ex rel. Peabody Coal Company v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978). Now that Rule 96 sets forth the complete procedure for partition sales, the statutory reference to execution sale procedures is inconsistent with Rule 96 and is superseded. Rule 96 does not provide for the officer conducting the sale to file such a motion and for the court to proceed in a summary manner against a defaulting bidder. We do not decide if an independent action may be brought against defendant as that question is not before us.

The order overruling the sheriff's motion and the subsequent judgment are affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.