STATE of Missouri ex rel., Grandpa
PIDGEONS, Relator,

v.

The Honorable Brendan RYAN, Judge,
Circuit Court of the City of St.
Louis, Respondent.

No. 70346.

Supreme Court of Missouri,
En Banc.

Nov. 15, 1988.

Russell F. Watters, John A. Lally, St.
Louis, for relator.

Christine A. Gilsinan, Daniel R. Devereaux, St. Louis, for respondent.

JAMES R. REINHARD, Special
Judge.

This is an original action in prohibition.
We issued a preliminary rule, which we
now make absolute.

Plaintiffs filed a suit for damages
against relator in the Circuit Court for the
City of St. Louis. Relator answered and
filed an application for change of venue
with an attached notice of hearing. In the
application relator alleged, "[T]he inhabitants of the City of St. Louis are prejudiced against the [relator], and the opposing parties and their attorneys have an
undue influence over the inhabitants of the
City of St. Louis." The attached notice
stated that the motion would be called for
hearing on December 8, 1987, at 9:30 a.m.
The application, with the notice attached,
filed with the court was signed by relator's
attorney; however, the copy sent to plaintiff's counsel was unsigned. Plaintiffs did
not file a denial with respect to the application, and the court on December 8, 1987,
after a hearing with counsel for each side
present, granted the application and transferred the case to St. Louis County.

On December 16, 1987, at the request of
plaintiffs' attorney, respondent recalled
and reheard relator's application for
change of venue. The court set aside its
order and allowed plaintiff additional time
to file a denial. As its sole ground for
setting aside the order, the court stated
that "the copy of the application served on
plaintiffs' counsel was not signed by [relator] or by an agent or attorney of [relator]."

Relator filed a petition for writ of prohibition and mandamus, and we issued a preliminary rule in prohibition.

Rule 51.13 provides:

A court which has granted a change of
venue shall have the power to annul the
order, with consent of the parties, at any
time before the papers or transcript are
filed in the court to which the venue was
changed.

This rule and our holding in *State ex rel.
Peabody Coal Co. v. Powell*, 574 S.W.2d
423 (Mo. banc 1978), control the outcome of
the case at bar. In *Powell*, the circuit
court of Henry County, after application by
the defendant, ordered the venue changed
to St. Louis County. Later, at the suggestion of the defendant, the court vacated its
prior order, indicating its intent to transfer
the case to a different venue. The plaintiff

filed a petition for writ of prohibition, and we held that, under Rule 51.13, the trial court had no power to vacate its order after the case had been transferred to a county permitted by the rules.

By specifically providing for a limited situation under which the original court has power to retract its order, this court has necessarily provided that no such power rests with the original court in situations not provided for by the rule. There would be no point in adopting rule 51.13 giving the court power to annul its change of venue order in the narrow situation where the parties consent if the court already possessed the power to make such a change without the consent of the parties.

*Id.* at 425.

Here, as in *Powell,* the relator did not consent to an annulment of the change of venue order. Consequently, the court was without power to annul its order. Respondent argues that *Powell* is inapplicable because the original change of venue order in this case was void because the copy of the application and notice of hearing sent to plaintiffs' counsel was unsigned. Respondent has cited to us no cases or rules that require a signature on a copy of a notice of hearing. Generally, when, as here, a party knows of a hearing, attends it, and participates in it, that party either waives any defects in notice or is not prejudiced thereby. *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 338 (Mo.App.1983). We recently reiterated these principles in the context of notice of an execution sale:

Procedural rules are but the means through which we seek to ensure the fair and orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice.

*Heintz v. Woodson,* 758 S.W.2d 452, 454 (Mo. banc 1988).

The change of venue rule applicable to this case, Rule 51.04, provides in pertinent part:

(c) A copy of the application and a notice of the time when it will be presented to the court must be served on all parties.

(d) The application shall set forth the cause or causes for the change of venue. It need not be verified and may be signed by the party or by an agent or attorney.

Rule 55.03 provides:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The application and notice filed with the court by relator fully complied with the above rules. Plaintiffs' counsel admits receiving a copy of the application and notice, and he admits he attended and participated

in the hearing. The circumstances here are unlike those in a case relied on by respondent, *State ex rel. Jackson v. Thompson*, 661 S.W.2d 677 (Mo.App.1983), in which the court held the trial judge properly refused to enter a change of venue in a criminal case absent the notice of hearing required by the criminal rules. In *Thompson*, neither the application filed with the court nor the copy sent to opposing counsel was accompanied by a notice of hearing as required by Rule 32.08. Although the state appeared at the change of venue hearing, its appearance was a limited one for the purpose of challenging the lack of notice.

In this case, plaintiffs did not mention the absence of a signature on the application and notice of hearing until after the trial judge entered his original order. Lack of signature was not a jurisdictional defect.

Respondent was authorized to transfer this case to St. Louis County; he did not have the power to annul his order absent the parties' consent. The case remains transferred to St. Louis County.

The preliminary rule is made absolute.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., not sitting.