L.C. and M.E.S., a minor, by S.S., his next friend, Plaintiffs–Appellants,

v.

D.S., Defendant–Respondent.

No. 58321.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1991.

Cofman, Townsley, Nissenholtz & Weinstein, Stuart Cofman, St. Louis, for plaintiffs-appellants.

Greensfelder, Hemker, & Gale, P.C., Roger Edgar, St. Louis, for defendant-respondent.

KAROHL, Judge.

This suit was brought by L.C., mother, and M.E.S., child, against D.S., father, under Uniform Parentage Act to determine paternity, custody, support and reimbursement of expenses. Sections 210.817–210.-852 RSMo Cum.Supp.1990, effective July 15, 1987. Father admitted and court found paternity of M.E.S. born June 18, 1988. The decree included awards of $20,000 to reimburse mother for expenses paid or owed by her before judgment, $1,000 a month child support payable to mother and $1,000 per month payable to a conservator appointed by the court. The court found on mother's undisputed evidence she required $900 per month for *herself and the child* when living with her parents, and $1,950 per month if she lives separately and utilizes a day-care provider. The child support award equals the amount of proven expenses.

■ Plaintiffs' sole issue on appeal is whether the award of child support is insufficient because "THE COURT FAILED TO USE THE CHILD SUPPORT GUIDELINES CHART ADOPTED BY THE MISSOURI SUPREME COURT." We are told in Missouri Rules of Court, "The adopting order provided that the provisions of Rule 88.01 'may be followed until April 1, 1990, and they shall be followed on and after April 1, 1990.'" The court held an evidentiary hearing on January 24, 1990, and rendered a decree on March 14, 1990. There is no indication in the record the parties agreed Rule 88.01 should apply. Rule 88.-01 establishes a procedure for determining the amount of child support by applying a rebuttable presumption based upon an adjusted total of income of both parents. *See* Form 14, items 1–5. Obviously, the court was not required by the provisions of the order adopting Rule 88.01 to apply the rule before it became mandatory.

■ Plaintiffs "concede that the trial court was not technically required to adhere to the guidelines chart." They argue equitable principles must control. We find this argument without substance. Because mother does not argue the child support award is insufficient, in light of her evidence at trial and the factors set forth in § 210.841(5) RSMo Cum.Supp.1990, we affirm the amount of the award.

We do not decide whether the provisions of Rule 88.01 utilizing Form 14 apply to Uniform Parentage Act cases. The rule requires the court to consider "all relevant factors, including: (a)–(e)" when determining the amount of child support. The expressed relevant factors correspond with the provisions of § 452.340.1 RSMo Cum. Supp.1990 effective July 27, 1989. However, the factors which shall be considered under the provisions of § 210.841.5(1)–(9), while similar, are not identical to provisions adopted in Rule 88.01. For example, § 210.841.5(6) specifically directs the court to consider age of child as a factor in determining extent of duty of support. Utilization of Form 14 will result in a rebuttable presumption of an identical amount of child support for a child of any age. It would be an exception rather than the rule that the requirements of support for an infant child would be the same as for a teenage child. Hence, it is not clear that strict and mandatory utilization of Form 14 will satisfy the required provisions of § 210.841.5 and produce an equally valid rebuttable presumption in all cases. These observations are intended only to make it clear that in deciding the present case we are not required to consider and do not decide whether Rule 88 and Form 14 are mandatory in Chapter 210 paternity suits.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.