830 S.W.2d 38 (1992)
K.R.W., a Minor, by his Next Friend and Mother, A.C.S, and A.C.S. Individually, Respondents,
v.
D.B.W., Appellant.
No. WD 45142.
Missouri Court of Appeals, Western District.
May 12, 1992.
*39 Carl William Bussey, Bussey & Associates, Kansas City, for appellant.
John F. Payne, Payne & Roque, Kansas City, for respondents.
Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.
PER CURIAM:
D.B.W. appeals from an order of the trial court awarding $475.25 per month in child support to A.C.S. for the support of their son, K.R.W. He contends that the trial court erred in awarding an amount of child support that was greater than the amount dictated by Rule 88.01 without making a finding that such an amount was proper. The judgment is reversed and the cause remanded.
D.B.W. fathered a child, K.R.W., out of wedlock with A.C.S. A.C.S. filed a petition for paternity, custody and support. The trial court issued an order in paternity, which D.B.W. does not challenge on appeal. He does, however, challenge the trial court's computation of child support.
A.C.S. is employed by the Cook County Circuit Court in Chicago, Illinois. She testified that her income from the court was either $1049 or $1149 per month. The pay stub that she provided reflected an income of $523.50, presumably bi-weekly, resulting in a monthly income of $1134. A.C.S. testified that her child care expenses in Chicago were $425 per month and that she lived with her parents at an expense of $100 per month.
D.B.W. a practicing dentist, did not testify. He provided the trial court with an Income and Expense Statement and a "guideline sheet" or Civil Procedure Form 14, Presumed Child Support Amount Worksheet. The Income and Expense Statement that D.B.W. provided demonstrated that he had a monthly income of $1500. The guidelines were completed using D.B.W.'s *40 monthly income of $1500 and A.C.S.'s monthly income of $1134. The guideline that D.B.W. provided the trial court did not figure in the cost of child care and arrived at a support figure for A.C.S. of $195 per month.
On June 24, 1991, the trial court entered a judgment and decree of paternity, awarding A.C.S. $475.25 per month child support. The trial court stated its intention to award child support based on the guidelines, except that the judge stated that the guidelines were to be "absent the day care and then we will use the same percentages on the day care." The trial court's judgment and decree of paternity did not, however, reveal the exact calculations used to arrive at the monthly child support figure of $475.25. If the trial court used the guidelines provided by D.B.W., the amount of child support would have been $195 plus a proration of the child care costs. If the trial court independently computed the guidelines and factored in the monthly child care cost of $425 in the computation, as proper pursuant to the guidelines, the presumed child support amount would total $466, or $9.25 less than the actual amount awarded. This calculation does not, however, reflect $200 in child support D.B.W. was ordered to pay each month for another child he had fathered.
The decision of the trial court is reviewed in accordance with the established standards set forth in Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). The decision of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. Id. at 32. The decision as to the amount of child support to be awarded rests within the sound discretion of the trial court and this court may review the amount only to determine if there has been an abuse of discretion or erroneous application of the law. Coit v. Coit, 778 S.W.2d 344, 346 (Mo.App. 1989).
The parties in this case assume that the child support guidelines established by Rule 88.01 apply in determining the amount of support appropriate for K.R.W. The question of whether Rule 88 and Form 14 are mandatory in paternity suits has been addressed by the Eastern District in L.C. v. D.S., 804 S.W.2d 817, 818 (Mo.App.1991), but was not decided. The court in L.C. points out that the statutory factors that the court considers in awarding support, enumerated in § 452.340, RSMo Cum.Supp. 1990, the section under which Rule 88 was adopted, differ from the factors enumerated in § 210.841, RSMo Cum.Supp. 1990, a provision of the Uniform Parentage Act. Id. at 818. This court, however, has recently held unequivocally that Rule 88.01 is applicable to support awards in the context of paternity actions. M.L.H. v. W.H.P., 831 S.W.2d 677, 683 (Mo.App. WD 1992). M.L.H. relies upon the following provision of Rule 88.01(e): "There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support." This provision makes Rule 88.01 mandatory in the instant case as the paternity action here involves a judicial proceeding for child support. Any statute or existing rule to the contrary is superseded. Rule 41.02.
The Missouri Constitution in Art. V, § 5, provides for the establishment of rules of procedure by the supreme court which shall not change substantive rights. Hough v. Hough, 819 S.W.2d 751, 752 (Mo. App.1991); State ex rel. Peabody Coal Co. v. Powell, 574 S.W.2d 423 (Mo. banc 1978). The Peabody court held that where the adoption of such a rule "is inconsistent with a statute and has not been annulled or amended by later enactment of the legislature, the rule supersedes that statute." Peabody, 574 S.W.2d at 426. Furthermore, it is constitutionally required that the same child support standards be applied in cases involving illegitimate children as in cases involving children born within a lawful marriage. Pritchard v. Pritchard, 763 S.W.2d 669, 671 (Mo.App.1988).
Compliance with the terms contained in Rule 88.01 is mandatory. Campbell v. *41 Campbell, 811 S.W.2d 504, 506 (Mo.App. 1991). "Rule 88.01 creates a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded." Brotherton v. Lowe, 819 S.W.2d 74, 79 (Mo.App.1991). That presumption is rebutted by a written or specific finding on the record by the trial court that the amount so calculated would be unjust or inappropriate, after consideration of all relevant factors. Id. It is mandatory that such a finding be made where the amount calculated using Form 14 differs from the amount awarded. Campbell, 811 S.W.2d at 506.
D.B.W. argues that it was an abuse of discretion to use the day care expense to compute support because $425 per month for day care is not a reasonable amount. He bases his argument on a comparison of the child care expenses A.C.S. experienced in Kansas City, compared to her child care expenses in Chicago. She paid $80 per month for child care in Kansas City, as opposed to the $425 per month she is paying since her employment in Chicago. This court may not substitute its judgment for that of the trial court to reach a different result as long as there is credible evidence to support the trial court's judgment. In re Marriage of Bruske, 656 S.W.2d 288, 294 (Mo.App.1983). There is such evidence present in the instant case. A.C.S. introduced evidence of her child care costs. D.B.W. offered no evidence regarding day care expenses either in Kansas City or Chicago. Nor did he provide any evidence of the type and extent of day care K.R.W. received while in Kansas City. The trial court did not abuse its discretion in including those costs in its calculation.
D.B.W. also complains that the trial court committed error in not considering federal income tax child care credits in its calculations. No reference was made to these credits at the trial level and no evidence was presented to the court on the matter. D.B.W.'s calculations in the brief are speculative and not properly before this court on appeal. See South Side Plumbing Co. v. Tigges, 525 S.W.2d 583, 590 (Mo.App.1975).
The facts in the instant case do, however, reveal that the ordered support differs in amount from that calculated pursuant to Form 14, because Form 14 provides for an adjustment for other court-ordered child support payments made by the parent. Evidence of such a payment appears in the trial transcript. Using the $200.00 of court-ordered support D.B.W. is paying for another child as an adjustment to his monthly gross income, his presumed support under Form 14 would total $420.29. The amount awarded, $475.25, is $54.96 greater than the amount reached allowing for the other child support and incorporating the $425 monthly child care expense. Because the amount differs from that calculated pursuant to the guidelines and no finding has been entered on the record that the guidelines would be unjust or inappropriate, the cause must be remanded back to the trial court for further proceedings.
The judgment of the trial court is reversed and the cause remanded to the trial court to allow that court, if it so chooses, to make the required findings that the guidelines would be unjust or inappropriate. If said findings are not so made, then the trial court is directed to modify the child support award to reflect a sum consistent with the guidelines.