SEPT. TERM,
1837.

Hart v. Robinett.

5       11
e177  5240

## HART v. ROBINETT.

1. In a proceeding before a justice, against a constable for failing to return an execution, a summons requiring defendant to show cause why an execution should not issue against him, &c. is sufficient, without specifying under what particular statute the plaintiff proceeds.

2. This summons may be directed to any suitable person, in pursuance of the provisions of the Rev. Code, p. 352, s. 20, and must be endorsed accordingly; and if the endorsement be wanting, but the defendant appears and does not move to quash or dismiss, the defect is cured, and cannot be taken advantage of in the appellate court.

3. The rule requiring the best evidence which the nature of the case admits of, is dispensed with in the case of *justices* of the peace, *constables*, &c., and it is sufficient to prove that they acted in these characters, without producing their appointments.

4. Where, from the very nature of the proceedings in a case, the defendant has notice that the plaintiff means to charge him with the possession of an instrument, no further notice to produce is necessary.

5. In proceedings of this kind against delinquent officers, the trial must be by the court, and it is error to submit the case to a jury.

APPEAL from the Boone county circuit court.

*Kirtly* for appellant:

Under the general assignment of error, I insist, in the first place, that the process is insufficient and ought not to be answered to; and if so found, judgment cannot be supported in this case, there being nothing to support it. In suits at law, or in chancery, if the defendant appear to a good declaration or bill, the defects in the ser-

SEPT. TERM,   vice of the process is cured.   Here the summons is the
1837.        declaration or bill; in other words, the charge against the
             defendant, if insufficient, leaves nothing besides.

Hart v. Robinett.   The first objection to the process or summons is, that
it is directed to no officer or person authorized to serve
it.   John Martin, for aught that appears in the record,
may be a colored gentleman, an infant, or idiot.   No rea-
son appears for his selection, nor why the proper officer
at law is passed by.   It might as well have been directed
to and served by the plaintiff, if, indeed, we could find
out from it who the plaintiff is.   The directing the sum-
mons to John Martin is without authority of law, indeed
against its positive provisions.   The 115, 2d article of
the act regulating proceedings in the justices courts, pro-
vides, that every summons shall be directed to the con-
stable of the township in which the justice who granted
the same resides, (except where it is otherwise specially
provided.)—See Statutes of Missouri, 351, 311.   I have
found no provision in the statutes to warrant this excep-
tion.   By the 205, same article, the justice may deputize,
in certain cases, a proper person to serve process, by an
*endorsement* on it in proper form; but even that is want-
ing here.

In the second place, the summons does not show un-
der what statute the proceeding is, nor for what penalty,
or whether for any penalty at all.   The act respecting
constables, (L. M. 117,) provides that a constable, failing
to return an execution, shall forfeit and pay to the plain-
tiff double the amount of the execution.   The law regu-
lating executions, (L. M. 260,) for such failure, provides
that the officer shall be liable to pay the whole amount
in the writ specified.

And the act regulating proceedings before justices of
the peace, provides that for such failure, without good
cause shown, judgment shall be given against the consta-
ble for the amount due by the execution, with interest
thereon at the rate of one hundred per centum per an-
num from the time the execution ought to have been re-
turned.   The first act was passed the 17th of March,
1835; the second the 20th; and the third the 21st of the
same month.   These are different statutes, each impos-
ing a different penalty for the same thing, and providing
different remedies therefor, repugnant to each other.
To which of these are we called to answer?   The sum-
mons does not apprise us; nor does the record by the
verdict or judgment show under which we were punish-
ed.   Indeed, neither the plaintiff's counsel nor the court

seems ever to have settled on which hook we were caught.

The second error assigned is, the overruling the motion for a new trial. I insist, *first:* The transcript deputing Titus ought not to have gone to the jury; but if given, wanted other testimony to make out the proof necessary to the finding by the jury. The deputing by the principal alone, does not make him an officer; he must, after the deputation, and before he can act, take the oath required by the constitution—see article III. sec. 32. It is imperative on all officers, civil and military, before they can enter on their duties. There is no proof in the cause that the oath required by the constitution was administered to Titus. The oath he did take, that is, to demean himself faithfully in office, was not required by law, and therefore a nullity. Hart was not responsible for the acts of Titus until the constitution was complied with. His own acts as constable *de facto* would estop him from denying his responsibility, not the acts of Titus as *deputy de facto,* unless he adopted them, of which there is no proof here.

*Secondly:* The oral testimony of Wright and Turner of the contents of the execution was improperly given to the jury. The execution itself was the best evidence of what it contained. If it were in the files of the justice, it or a copy should have been produced. If in our possession, they were bound to give us notice to produce it on the trial. If misplaced or lost, it should have been so shown. We were surprised by the evidence, at least it contradicted their record or transcript evidence, which proved that the execution issued was against Benj. Pendleton and Thos. G. Berry, and not William S. Burch and Benjamin Pendleton, as charged—1 Phi. E. 176, 389, 390; 1 Ter. 147; 1 T. 201; Waring v. Warrin, 1 J. R. 341.

The third error assigned is the overruling the motion in arrest.

Beside the matters already considered, it was alleged, in support of the motion, that the finding of the jury was insufficient, and also, that the court could not give judgment on the finding of the jury at all. Upon a proceeding to show cause why a penalty should not be inflicted, as to the essence and nature of the proceeding in the mode of trial, I apprehend it can make no difference whether the defendant is called to answer by motion, summons, writ of attachment, or otherwise. On motion or attachment, perhaps but few would have thought of a

SEPT. TERM, 1837.

Hart v. Robinett.

jury. The summons suggested it, although at the time it struck me as a novelty; I thought then and still believe that the court alone was competent to determine the goodness or insufficiency of an excuse by an officer for a failure to do his duty. Now in this case, it appeared that the supposed execution, if any, was issued on the 17th of November, 1835, by justice Wright; he went out of office on the 21st or 22d of the same month, and not until the 8th day of January following did he deliver over the books and papers to another magistrate, of which it does not appear that Hart ever had notice. The return day of the execution was on the 17th of December in the interim. To whom and when then was he to return it? Not to Peter Wright, he was out of office; not to any other justice in the township, unless the docket and papers of Wright had been handed over to them, as might have been done; nor to any one else, until the 8th of January; and on that very memorable day in the annals of Augustus Hart and Genl. Jackson, the law made no provision for informing Augustus Hart of what became of justice Wright's papers, or what he was to do with the execution. Then clearly it was not competent for the jury to adjudge and determine the sufficiency of the above facts, as an excuse for the alleged failure, or of any other excuse. It is not very clear, however, what they did try; they were sworn to try the matters in controversy, and returned for their verdict that they found for the plaintiff, Pleasant Robinett, the sum of seventy-six dollars and twenty-five cents, the amount of the execution in favor of Robinett against Wm. S. Burch and Benjamin Pendleton; also, the sum of two dollars eighty-one and a fourth cents, damages, forsooth, for the detention of the same, and no doubt thought they were trying a petition and summons. And on this verdict of the jury, so sworn and so returned, judgment was entered, not for a penalty, but for the debt and damages so assessed.

*Adams* for appellee:

1. The court did not err in admitting the testimony objected to by the plaintiff in error. The contents of the execution, without notice to produce the same, were properly received in evidence—see 17 Johnson's Reports, 293.

2. The motion in arrest of judgment was properly overruled, for the proceedings against Hart were in accordance with the statute—see Revised Code, title justices' courts, article III. sections 20, 21 and 22, page 368—

Revised Code, title constables, 117. Hart was liable as constable for the acts of his deputy, James Titus—see Revised Code, title constables, section 5, page 116.

The judgment of the circuit court ought not to be reversed, because the case was submitted to a jury; nor ought the judgment below to be reversed because of any insufficiency in the original summons, or for awarding the same to a wrong officer—see Revised Code, page 468.

*SEPT. TERM, 1837.*

*Hart v. Robinett.*

Opinion of the court delivered by EDWARDS, Judge.

This was a proceeding by Robinett against Hart, a constable, for not returning an execution as commanded. Robinett obtained judgment before a justice of the peace against Burch and Pendleton, and upon that judgment execution was issued, returnable within thirty days, and placed in the hands of Titus, deputy constable under Hart. The execution was not returned within thirty days, according to the command thereof; and upon the demand of Robinett, the justice issued a summons, directed to John Martin, requiring Hart to show cause why an execution should not issue against him for the amount of the execution in favor of Robinett against Burch and Pendleton. On the return day of the summons, the parties appeared, and the justice rendered judgment against Hart, from which Hart appealed to the circuit court. On the trial in the circuit court, both parties appeared, and the cause was submitted to a jury, verdict and judgment for Robinett. The defendant moved for a new trial and in arrest of judgment. On the trial the plaintiff gave oral testimony that Hart was constable of the township, and that Titus was deputy under him. He also gave oral testimony to prove the contents of the execution, without showing that he had given the defendant notice to produce it, and without accounting for its non-production.

There are three statutes, the constable law, the execution law, and the law regulating justices' courts, providing different remedies, and imposing different penalties on officers delinquent in returning executions. The appellant insists, that the summons in this case is insufficient, because it does not show under which of the statutes the plaintiff proceeds, nor for what penalty, nor whether for any penalty at all. Either of these statutes may be put in force without bringing its provisions in conflict with the other. They are not then repugnant. As they provide different remedies, and impose different penalties, the party injured has the liberty of choosing

In a proceeding before a justice, against a constable for failing to return an execution, a summons requiring def. to show cause why an execution should not issue against him, &c. is sufficient, without specifying under what particular statute the pltf. proceeds.

SEPT. TERM,
1837.

Hart v. Robinett.

This summons may be directed to any suitable person, in pursuance of the provisions of the Rev. Co. p. 352, s. 20, and must be endorsed accordingly; and if the endorsement be wanting, but the def. appears and does not move to quash or dismiss, the defect is cured, and cannot be taken advantage of in the appellate court.

the nature of his remedy; and the nature of the remedy adopted, will show the penalty sought.

It is further insisted by the appellant, that the summons was not directed to, or executed by, any officer or person authorized to execute the same. The summons was directed to John Martin; the appellant insists that it should have been directed to the constable. This could not have been the intention of the law-making power. The statute requires the summons to be issued *against* the constable; and if issued *against* him, of course it ought not to be directed *to him.* It would be as unwise to entrust a delinquent officer with process against himself, as it would be to make a man judge of his own cause. In regard to the execution of the writ, the language of the statute is explicit enough. It provides that "every justice issuing any process authorized by this act, upon being *satisfied* that such process will not be executed for want of an officer to be had in time to execute the same, may empower any suitable person, not a party to the suit, to execute the same, by an endorsement on such process to the following effect: 'At the request and risk of the plaintiff, I authorize ———— to execute and return this writ'"—R. C. 352, s. 20. If the justice be satisfied that no officer can be had *in time* to execute the writ, he shall empower some suitable person to do it. The case before us is a still stronger one. Here no officer could be had *at all,* and of course, none *in time.* But the justice cannot empower a person to serve process without the endorsement required. In this case the endorsement was wanting, and the defendant might have taken advantage of this defect in the process, by moving to quash or dismiss the proceedings, had he done so in time. He made no objection, however, but appeared and went to trial, as if the person serving the process had been properly empowered to do so. It is now too late to object.

The rule requiring the best evidence which the nature of the case admits of, is dispensed with in the case of *justices* of the peace, *constables,* &c., and it is sufficient to ac- prove that they ted in these characters, without producing their appointments.

Oral testimony was given to prove that Hart was constable, and that Titus was deputy under him. To this the appellant objected. The rule requiring the best evidence to be produced is dispensed with in some particular cases. In case of all peace officers, justices of the peace, constables and others, it is sufficient to prove that they acted in these characters without producing their appointments.

The appellant further insists, that the court erred in admitting oral testimony of the contents of the execution to be given in evidence, as no notice had been given to produce it, and as its absence was not accounted for.

The rule which requires that a party shall have previous notice to produce a written instrument in his possession, before the contents can be proved in evidence in the cause, will not apply in cases where, from the nature of the proceedings, the defendant has notice that the plaintiff means to charge him with the possession of the instrument. In such cases, it is unnecessary to give further notice than the action itself supplies. If, from the nature of the proceedings, the party must know that the contents of a written instrument in his possession will come in question, it is unnecessary to give any notice for its production—1 Phil. Ev. 391, and note.

In the trial below, the court permitted the cause to go to a jury. In this there was error. This proceeding was by summons, requiring the party to appear, and show cause why an execution should not issue against him. The cause was matter to be shown to the court, and not matter to be found by a jury. The proceeding was in the nature of a proceeding for a contempt, and was matter to be inquired into and adjudicated by the court.

The other Judges concurring herein, the judgment of the circuit court is reversed and the cause remanded.

*SEPT. TERM, 1837.*

*In proceedings of this kind against delinquent officers, the trial must be by the court, and it is error to submit the case to a jury.*