### SAMUEL HENSLEY vs. ROBERT E. BAKER.

1. In sales by Sheriffs there is no implied or express warranty of the title or soundness of the goods sold. The rule *caveat emptor* is applied to all such sales.

2. In a proceeding against a purchaser at a Sheriff's sale who refuses to pay the amount bid by him, for the difference between his bid and the amount for which the property sold at a subsequent sale by the officer, the return of the Sheriff is competent evidence.

3. The party has no right to have such motion tried by a jury—though the Court may order one if it desire one.

### APPEAL from Callaway Circuit Court.

SCOTT, J., *delivered the opinion of the Court.*

Baker, the Sheriff of Callaway County, by virtue of an execution against Jos. D. Johnson, levied on and sold on the 4th July, 1845, a negro man slave, the property of the said Johnson, when Samuel Hensley became the purchaser for the sum of $303, who refused to pay the amount bid by him on the ground that the slave was unsound; thereupon the Sheriff again offered the slave for sale, when he sold for the sum of $252. This was a proceeding commenced by virtue of the 42nd section of the act concerning executions, to recover from Hensley the difference between the sum bid by him on the first sale, and the sum for which the slave sold at the last auction.

It appears that the slave, in the summer of 1831, was wounded by a cut on the under part or calf of his leg. This wound was never healed. It would occasionally fester and run. At times the slave complained of it, and it prevented him from doing full work. The purchaser of the slave at the last sale, said he would not take one hundred dollars for his

bargain; that the slave had lost no time since he had him in consequence of the sore, and that it had healed up. The slave was present at the sale, and his leg examined. The Sheriff was heard to say that nothing was the matter with the leg but the scratch of a brier. Hensley was told of the hurt the slave had received, though he was at the same time informed that the wound was healed. This information was derived from one of the plaintiffs in the execution, who said he had known the slave all his life.

The defendant, Hensley, demanded a jury to try the motion; but the Court refused, and directed two issues to be tried, namely, whether the slave was constitutionally unsound, and whether the plaintiff in the execution and the Sheriff had practised a fraud on the defendant in the sale. These issues were found against Hensley, and judgment for the difference between the sums bid at the sales' was entered against him. The defendant excepted to the refusal of the Court to permit a jury to try the motion, and also to the issues directed, and to the reading of the return of the Sheriff, which disclosed the facts on which the motion was predicated.

The statute directs that this proceeding shall be by motion. Hart vs. Robinett, 5 Mo. Rep. 11. It is not usual to call juries to try the truth of the facts on which motions are predicated. It is obvious that such a course will involve a Court in interminable confusion. It might have ten juries at one time in the same cause. In such proceedings a jury cannot be demanded as a matter of right. Courts possess a discretion in relation to such matters. When a fact is important and much contested, although it is involved in a motion, a Court may take the advice of a jury upon it. The refusal of a Court to grant an issue to try a disputed fact involved in a motion, would not be error, nor would the directing an issue unless the Court should suffer the verdict of the jury improperly to control its judgment.

We can see no objection to the admission in evidence of the Sheriff's return. A return by the Sheriff being the act of a public officer, is evidence against third persons. So that the Sheriff's return that he has levied, is it seems evidence of the fact against third persons. Gyfford vs. Woodgate, 11 E. 297. 3 Stark. 1357.

From the view we take of this subject, the issues directed were immaterial. We hold that beyond all question the rule *caveat emptor* applies to Sheriff's sales. In such sales there is no implied warranty of soundness, nor title by the officer. The law does not empower him as officer to make any warranty. This subject was discussed in the Su-

preme Court of the United States in the case of the Monte Allegre. It was there held that in judicial sales there was no warranty express or implied. That the proceedings were hostile to the true owner of the goods, which are taken against his will, and exposed to sale without his consent. And it would be great injustice to make him responsible for the quality of the goods thus taken from him. Nor can the marshal or auctioneer, while acting within the scope of his authority, be censured, in any respect whatever, as warranting the property sold. The Marshal, from the nature of the transaction, must be ignorant of the particular state and condition of the property. He is the mere minister of the law to execute the order of the Court, and a due discharge of his duty does not require more than that he should give to purchasers a fair opportunity of examining and informing themselves of the nature and condition of the property offered for sale. The Marshal, as an officer to execute the orders of the Court, has no authority, in his official character, to do any act that shall expressly or impliedly bind any one by warranty. If he steps out of his official duty, and does what the law has given him no authority to do, he may make himself personally responsible, and the injured party must look to him for redress.

The foregoing doctrine was held in a case in which tobacco had been sold under an order of the Court. The application was made by the purchaser to be relieved from his purchase (the money still being in Court,) on the ground of the unsoundness of the tobacco, which was alleged had been sold by sample. The same principle is maintained in the American law journal, 4 vol., 137. That an officer may render himself liable by fraud or warranty, we think very clear. But then the recourse must be against him personally, and not such a one as affects the rights of the defendant in the execution. In the case of Peto vs. Blades, 5 Taun., it was held that in a sale by a Sheriff, there was an implied warranty, that he did not know that the title to the goods was defective. The same principle is maintained in the case of Saunders vs. Pate, 4 Ran. 8.

The other Judges concurring, the judgment of the Court below will be affirmed.