Robert E. **ELLIOT,**
Petitioner/Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 65252.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Gary R. Sarachan, Rothman, Sokol, Adler & Sarachan, P.C., Clayton, Donna Aronoff Smith, St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the circuit court's order restoring petitioner's driving privileges after they had been suspended pursuant to § 302.505, RSMo Supp.1993.[1] Petitioner's suspension was sustained after an administrative hearing, and petitioner filed a petition for trial *de novo* in the circuit court pursuant to § 302.-535, RSMo 1986. After a hearing, the circuit court restored petitioner's driving privileges. We reverse and remand.

■ Petitioner was arrested for driving while intoxicated in violation of Town and Country's "DWI" ordinance, § 13.108, by Officer David Laughlin of the Town and Country Police Department on March 12, 1993. Officer Laughlin also administered the breath-analysis test. At the trial *de novo*, the Director attempted to establish, by Officer Laughlin's testimony alone, that Laughlin was certified as a peace officer pursuant to §§ 590.100 to 590.150,[2] and that Laughlin was a Type III permittee (qualifying him to operate the breathalyzer).[3] Petitioner objected during this testimony on best evidence and hearsay grounds. The trial court sustained the objections (on both grounds cited by petitioner) but allowed the Director to

---

**1.** All statutory citations are RSMo Supp.1993, unless otherwise noted.

**2.** Certification of the arresting officer, other than an elected peace officer or official, as a peace officer pursuant to §§ 590.100 to 590.150, is an essential element of the Director's case in an action to suspend driving privileges as a result of an arrest for a county or municipal violation of a "DWI" ordinance. *Allen v. Director of Revenue,* 845 S.W.2d 724, 725 (Mo.App.W.D.1993); § 302.510.3.

**3.** Proof that the breathalyzer was operated by certified operators in accordance with operating procedures promulgated by the Missouri Division of Health is part of the Director's *prima facie* case for the introduction of the test results. *Miller v. Director of Revenue,* 719 S.W.2d 787, 790 (Mo. banc 1986).

make an offer of proof. The offer of proof consisted only of Laughlin's testimony under oath that he was both a Type III permittee and certified peace officer. The court took the evidentiary questions under advisement and allowed the Director ten days in which to brief the issues. No brief was filed. On November 8, 1993, the court entered judgment ordering the Director to restore petitioner's driving privileges.

On appeal, the Director asserts that the trial court erred in sustaining petitioner's objections in that the officer was not required to produce his Type III permit or peace officer certification because "possession of these items was a matter within the officer's personal knowledge."

In *Vance v. McNeill,* 711 S.W.2d 531 (Mo. App.1986), this court found that the trial court erroneously excluded, as hearsay, a police officer's testimony that he had a Type III permit. Judge Smith, speaking for our court, stated:

It is difficult to understand how the officer's testimony that he held a Type III permit could be hearsay as *that is a matter within the knowledge of the witness.* It would come as a considerable surprise to most lawyers to learn that persons holding licenses from the state, including attorneys themselves, cannot testify to that fact.

*Id.* at 532 (emphasis added); *See also, Miller v. Director of Revenue,* 719 S.W.2d 787, 790 (Mo. banc 1986); *Elkins v. Director of Revenue,* 728 S.W.2d 567, 568 (Mo.App.1987).

▮▮▮ Thus, the officer's testimony that he was a Type III permittee was not hearsay, and we see no valid distinction between that testimony and the officer's testimony that he was a certified peace officer. Being a certified peace officer is also a matter within the officer's personal knowledge.

4. Petitioner relies, as did the trial court, on the Western District case of *Baris v. State,* 846 S.W.2d 764 (Mo.App.W.D.1993), the circumstances of which are somewhat dissimilar to those of the instant case.

We further note it appears that, even were the terms of Officer Laughlin's peace officer certificate in dispute, the best evidence rule would be inapplicable. In *Hart v. Robinett,* 5 Mo. 11, our supreme court stated:

However, as petitioner points out, the testimony was also excluded for not being the best evidence of the officer's Type III permittee or peace officer status. We find the trial court also erred in excluding the evidence on that basis.

▮▮▮ The best evidence rule does not exclude evidence based on personal knowledge even if the documents would provide some of the same information. *Aluminum Prod. Ent. v. Fuhrmann Tooling,* 758 S.W.2d 119, 122 (Mo.App.1988). As noted previously, the fact that an officer is a Type III permittee or certified peace officer *is* within his or her personal knowledge. Moreover:

Testimony as to the fact of execution or the existence of writings or references to written instruments as mere inducements to more material parts of the testimony, are not within the rule requiring the production of the instrument itself.

* * * * * *

The rule requiring the production of the original instrument itself does not apply to the proof of facts evidenced by the writing rather than to the language or terms of the writing . . . .

2 *Jones on Evidence,* § 7:5, pp. 98–99 (6th ed. 1972). Where the fact to be proved exists independently of a writing, and there is also evidence of such fact in writing, then both sources, oral or written, become primary evidence and the best evidence rule is inapplicable. *Jourdan v. Gilmore,* 638 S.W.2d 763, 770 (Mo.App.1982).[4] Whether Officer Laughlin was a certified peace officer or a Type III permittee existed independently of any writings evidencing those qualifications; both the writings and his testimony are primary ·evidence.

The rule requiring the best evidence to be produced is dispensed with in some particular cases. *In case of all peace officers,* justices of the peace, constables and others, *it is sufficient to prove that they acted in these characters, without producing their appointments.*

*Id.* at 16–17 (emphasis added). *See also City of Festus v. Kausler,* 77 S.W.2d 197, 199 (Mo.App. 1934); *State v. Jacks,* 462 S.W.2d 744, 746 (Mo. App.1970); *State v. Holcomb,* 86 Mo. 371, 377 (1885).

We hold that the trial court erred in excluding the evidence in question.[5] The judgment is reversed and the cause remanded for a new trial.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

**5.** We note that the trial judge stated that he did not believe the officer's testimony regarding his qualifications. When a party relies on the testimony of an officer (or any other witness) as to his or her official capacity, the fact-finder still has a right to determine whether that testimony is believable. Here, however, the judge's stated reason for disbelieving the officer's testimony was based on events, outside the record, which had occurred in a previous case that day (before the same judge).

The due regard we give the trial judge's determination of a witness' believability is based on the trial court's better position to assess credibility, sincerity and character, as well as other trial intangibles not revealed by the record. *Auto. Club Inter–Insurance v. Chamberlain*, 839 S.W.2d 378, 381 (Mo.App.S.D.1992). Here, the court's determination was based solely on its assumption regarding matters outside the trial record. This was not a proper basis on which to determine the witness' believability and is not entitled to the usual deference we give such assessments.