Gregory R. HARTMAN,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Defendant/Appellant.

No. 65498.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 11, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mary P. Schroeder, St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the circuit court's judgment ordering the Director to reinstate petitioner's driving privileges after they had been suspended under the administrative suspension provisions of §§ 302.500–302.541, (RSMo 1986 & Supp. 1993).[1] Petitioner's suspension was sustained after an administrative hearing and petitioner sought a trial *de novo* in the circuit court pursuant to § 302.535. After the trial *de novo*, the court entered judgment in favor of petitioner. We reverse and remand.

Petitioner was arrested on May 31, 1993, by Officer Dan Cunningham of the City of Fenton police for driving while intoxicated in violation of the City of Fenton Municipal Code, § 340.170. The trial *de novo* was held on January 12, 1994. There, the Director attempted to establish, through Cunningham's testimony alone, that Cunningham was certified as a peace officer pursuant to §§ 590.100 to 590.150, RSMo Supp.1993.[2] Petitioner objected to the questioning of Cunningham as to his peace officer certification on the basis of form, asserting the question, as phrased by the Director, required the officer to make a conclusion of law. The court sustained petitioner's objection. After many reformulations of the original question, including in the Director's offer of proof, the court sustained the petitioner's motion for a

---

1. All statutory citations are RSMo 1986, unless otherwise noted.

2. Certification of the arresting officer, other than an elected peace officer or official, as a peace officer pursuant to §§ 590.100 to 590.150, is an

essential element of the Director's case in an action to suspend driving privileges as a result of an arrest for a county or municipal violation of a "DWI" ordinance. *Allen v. Director of Revenue,* 845 S.W.2d 724, 725 (Mo.App.W.D.1993); § 302.510.3.

directed verdict (sic)[3] on the ground that there was no showing of Cunningham's peace officer certification.

An extended discussion of the Director's argument on appeal is not required. Cunningham was asked if he held a certificate from the Missouri Department of Public Safety acknowledging his qualifications under Chapter 590 of the Missouri Revised Codes, and Cunningham answered "yes". Such peace officer certification is a matter within the officer's personal knowledge. *Elliot v. Director of Revenue*, 882 S.W.2d 745 (Mo.App.E.D.1990). Thus, this evidence should have been admitted.

We reverse the court's judgment and remand the cause for a new trial.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

**3.** In a court-tried case, a motion for directed verdict is inappropriate. On appeal, we generally regard such motions as motions to dismiss. *Board of Public Utilities v. Fenton*, 669 S.W.2d 612, 614 (Mo.App.1984).