William Darrell CANTER, Respondent,

v.

DIRECTOR OF REVENUE, STATE
of MISSOURI, Appellant.

No. 66439.

Missouri Court of Appeals,
Eastern District,
Division One.

June 6, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael Scott O'Brien, Clayton, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals the circuit court's judgment ordering the Director to reinstate petitioner's driving privileges after they had been suspended pursuant to §§ 302.500–.541 RSMo 1986 & Cum.Supp.1993. We reverse and remand.

Petitioner was arrested on December 12, 1993, by Officer Kelly Russ of the St. John Police Department for driving while intoxicated in violation of the City of St. John ordinance. During the trial de novo, held May 25, 1994, Officer Russ' testimony was the sole evidence presented on the issue of whether Russ was certified as a peace officer pursuant to §§ 590.100 to 590.150 RSMo 1986 & Cum.Supp.1993. This is an essential element of the Director's case. *Allen v. Director of Revenue*, 845 S.W.2d 724, 725 (Mo. App.1993); § 302.510.3 RSMo 1986. When testimony concerning Officer Russ' certification was presented, petitioner objected on the grounds such evidence was hearsay and violated the best evidence rule. The court sustained the objection, and Director proceeded to make an offer of proof. The court then issued its judgment in favor of petitioner. This appeal followed.

On appeal, the Director urges the court erred in sustaining petitioner's objection. During the pendency of this appeal, the Missouri Supreme Court decided the case *Cooley v. Director of Revenue*, 896 S.W.2d 468 (Mo. 1995), which is dispositive of the issue. In *Cooley*, the Supreme Court approved of the holding in our case *Elliot v. Director of Revenue*, 882 S.W.2d 745, 747 (Mo.App.1994), where we found the issue of a peace officer's certification is a matter within the peace officer's knowledge and therefore not within the best evidence rule. The court in *Cooley* reasoned that whether the issue is the mere possession of the certificate or the fact the officer was certified as a peace officer, proof is of facts that exist independently of the certificate and need not be proved by the writing. *Cooley*, 896 S.W.2d at 471. Therefore, an officer's testimony based on his personal knowledge of his certification as a peace officer does not violate the best evidence rule. *Id.* at 471. Nor is it hearsay. *Elliot*, 882 S.W.2d at 747.

Based on the holdings in *Cooley* and *Elliot*, we hold that the court erred in sustaining petitioner's objection and excluding Officer Russ' testimony regarding his peace officer certification. The judgment is reversed and the cause remanded for a new trial.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.