**Jason F. ROACH, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

Missouri Court of Appeals,
Southern District,
Division One.

March 25, 1997.

---

1. The "recap" refers to the ledger prepared by Cole.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald D. Pridgin, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for respondent.

GARRISON, Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment reinstating the driving privileges of Jason F. Roach (Petitioner) following a trial *de novo*. We reverse and remand with directions.

Officer Foust of the Sikeston Department of Public Safety was on routine patrol at approximately 3:00 A.M. on November 25, 1995 when he noticed two cars in the parking lot of a church with their lights on and engines running. According to Officer Foust, both cars began to move as he approached, but they stopped when he turned on his emergency lights. Officer Tigart, also a Sikeston public safety officer, arrived at the scene shortly afterward to assist Officer Foust. As Officer Tigart got out of his patrol car, one of the two cars started to back up. Pursuant to Officer Tigart's instructions, the driver (Petitioner) stopped the car and turned the ignition off.

When Officer Tigart talked with Petitioner, he smelled intoxicants on Petitioner's breath, and noticed that his eyes were bloodshot and his speech was slightly slurred. When Petitioner got out of the car, Officer Tigart noticed that he was unsteady on his feet. Petitioner agreed to take field sobriety tests, but did not successfully complete any of the three tests given. Officer Tigart then arrested Petitioner pursuant to a Sikeston ordinance for driving while intoxicated.

After being transported to the police station, Petitioner submitted to a breathalyzer test. The test results indicated that Petitioner's blood alcohol concentration (BAC) was .16%. Pursuant to § 302.505.1, Petitioner's driving privileges were suspended for thirty days.[1] The Director sustained this suspension following an administrative appeal. Petitioner then requested a trial *de novo* in the circuit court pursuant to § 302.535. The court reversed the order of suspension and reinstated Petitioner's driving privileges.

At the trial *de novo*, Petitioner admitted that he had been drinking the night of his arrest[2] and that his car was in motion as the first officer approached the scene. In its judgment, the trial court found "[t]hat on 11–25–95 the arresting officer did not have probable cause to arrest Petitioner for driving while intoxicated or an alcohol-related traffic offense; and ... [t]he arresting officer was not certified pursuant to Chapter 590 RSMo."

Our review of this case is governed by the principles established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We therefore must affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*; *Gordon v. Director of Revenue*, 896 S.W.2d 737, 739 (Mo.App. E.D. 1995).

■ The Director presents two points on appeal.[3] The first is premised on trial court error in finding that Officer Tigart lacked probable cause to arrest Petitioner.

■ The Department of Revenue is authorized by § 302.505.1 to suspend or revoke a person's license upon making a determination that: (1) the driver was arrested upon

---

1. All statutory references are to RSMo 1994 unless otherwise indicated. Section 302.505.1 reads as follows:

   The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

2. Although the alcohol incident report written by Officer Tigart indicated that Petitioner told him he had consumed three beers that night, Petitioner's testimony at trial indicated that he "had about a six-pack and, I think, a mixed drink."

3. Petitioner (Respondent) has filed no brief in this court. While there is no penalty prescribed for the failure to file a brief, that leaves this court to decide the case without the benefit of that party's authorities and contentions. *Fischer v. Director of Revenue*, 928 S.W.2d 424, 425 n. 1 (Mo.App. S.D.1996).

probable cause that he or she was driving in violation of an alcohol-related offense; and (2) the driver submits to a chemical analysis which indicates a blood alcohol concentration above the legal limit. *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 480 (Mo.App. S.D.1996). The Director bears the burden of proving these two elements by a preponderance of the evidence. *Covington v. Director of Revenue*, 903 S.W.2d 673, 675 (Mo.App. E.D.1995).

■ At the trial *de novo*, Petitioner did not challenge the results of the breathalyzer test. Instead, he contended that there was no probable cause to stop him in the first place. There is, however, no requirement, pursuant to §§ 302.500–302.540, that the Director demonstrate that the officer had probable cause to believe the driver was violating an alcohol-related driving offense prior to the initial stop. *Brandom v. Director of Revenue*, 931 S.W.2d 510, 511 (Mo.App. S.D.1996); *Sitzes v. Director of Revenue*, 928 S.W.2d 3, 5–6 (Mo.App. E.D.1996). Indeed, "probable cause to arrest for an alcohol-related traffic violation which supports an administrative license suspension may be developed after a motorist has stopped." *Fischer v. Director of Revenue*, 928 S.W.2d at 425. "The alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Gordon v. Director of Revenue*, 896 S.W.2d at 740. Section 302.505.1 focuses on the grounds for the DWI arrest, and not on the grounds for the stop. *Koons v. Director of Revenue*, 931 S.W.2d 210, 212 (Mo.App. W.D.1996).

■ Here, Officer Tigart testified that he observed Petitioner backing his car, and later noticed that Petitioner's breath smelled of alcohol, that his eyes were bloodshot, and that his balance was unsteady. He also testified that Petitioner failed to satisfactorily complete field sobriety tests. Petitioner admitted, at the trial *de novo*, that he had been

drinking that night and had failed at least one of the field sobriety tests. This evidence was sufficient, for administrative license suspension purposes, to provide the officer with probable cause to arrest Petitioner for driving while intoxicated. The trial court misapplied the law in holding to the contrary.

The Director's second point relied on states the following:

> The trial court erred in sustaining [Petitioner's] petition because the arresting officer was certified under Chapter 590 in that the arresting officer testified without contradiction or objection that he was certified under Chapter 590.

■ "If the arrest is by a non-elected law enforcement officer for violation of county or municipal ordinance, § 302.510.3[4] requires that the trial court make the further finding that the arresting officer has been certified by the director of the Missouri Department of Public Safety pursuant to the provisions of §§ 590.100–.150." *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 490 (Mo.App. S.D. 1996). In the instant case, the trial court held that "[t]he arresting officer was not certified pursuant to Chapter 590 RSMo."

■ The record indicates that Petitioner was arrested pursuant to Sikeston City Ordinance 300.363. As a result, it was necessary to show that Officer Tigart was certified pursuant to Chapter 590, RSMo. "Certification of the arresting officer is an essential element of the state's case in an action to suspend driving privileges as a result of arrest for a county or municipal violation of a 'DWI' ordinance." *Allen v. Director of Revenue*, 845 S.W.2d 724, 725 (Mo.App. W.D. 1993).

■ At the trial *de novo*, Officer Tigart testified as follows without objection:

Q: Are you a properly certified police officer pursuant to the Revised Statutes of Missouri, Chapter 590?

A: Yes, ma'am.

---

4. Section 302.510.3 provides the following:

A county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense may not be the basis for suspension or revocation of a driver's license pursuant to sections 302.500 to 302.540, unless the arresting law enforcement officer, other than an elected peace officer or official, has been certified by the director of the department of public safety pursuant to the provisions of sections 590.100 to 590.150, RSMo.

The officer's unequivocal and uncontroverted testimony revealed that he was certified pursuant to Chapter 590, RSMo.[5] Despite this testimony, the trial court found otherwise without specifying its reasons for doing so. Although the trial court may disbelieve the testimony of any witness, the record here will not support a finding contrary to the only evidence on the matter in issue. *See Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995). The trial court's finding on this issue was against the weight of the evidence.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Petitioner's driving privileges.

BARNEY, P.J., and PREWITT, J., concur.

---

5. The officer's testimony on this point was not objected to at the trial *de novo*. Such testimony is not subject to objections based on hearsay and best evidence grounds (*see Elliot v. Director of Revenue*, 882 S.W.2d 745, 747 (Mo.App. E.D. 1994)), or that the question calls for a legal conclusion (*see Hartman v. Director of Revenue*, 884 S.W.2d 743, 743–44 (Mo.App. E.D.1994)).