Dorothy L. LEDBETTER, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, Respondent–Appellant.

No. 21247.

Missouri Court of Appeals, Southern District, Division Two.

July 23, 1997.

Motion for Rehearing or Transfer Denied Aug. 13, 1997.

Application to Transfer Denied Sept. 30, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald D. Pridgin, Sp. Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for respondent-appellant.

Roy W. Brown, Bruce B. Brown, Kearney, for petitioner-respondent.

SHRUM, Judge.

The Director of Revenue (Director) revoked Dorothy Ledbetter's (Ledbetter) driver's license after her refusal to submit to a breathalyzer test. Ledbetter sought judicial review of the revocation pursuant to § 577.041.4.[1] The trial court ordered reinstatement of Ledbetter's license. Director appeals.

We reverse and remand.

## FACTS

On March 10, 1996, Ledbetter's car almost sideswiped a vehicle driven by Tim Bean (Bean) of the West Plains police department inside the West Plains city limits. Bean's testimony about the ensuing events included the following:

"Q. After almost sideswiping your vehicle, did you activate your red lights?

"A. Yes.

"Q. And did you proceed to turn the vehicle around in an attempt to stop Ms. Ledbetter?

"A. Yes, I did.

---

1. All statutory references are to RSMo 1994 un-   less otherwise indicated.

"Q. And the stop did occur outside of the city limits; is that correct?

"A. That's correct.

"Q. And approximately how far out of the city limits did she stop the vehicle?

"A. Probably one half mile."

Based on Bean's observations of Ledbetter and her inability to perform field sobriety tests, he concluded that Ledbetter was intoxicated. Thereon, Bean arrested Ledbetter and took her to the Howell County sheriff's office for a breathalyzer test. At the sheriff's office, Bean advised Ledbetter of the implied consent law before the test. Deputy Richard Boze administered the test. Ledbetter's two attempts to complete the breathalyzer test did not produce adequate samples. Based on his observation of the manner in which Ledbetter did the breathalyzer test, Deputy Boze believed that she was holding her tongue over the mouthpiece. Consequently, the report to Director indicated that Ledbetter refused the test. Director revoked Ledbetter's license upon receipt of the officer's report. Ledbetter then sought judicial review of Director's revocation order.

At a hearing held pursuant to § 577.041.4, Bean explained that he stopped Ledbetter outside the corporate limits of West Plains. The following then occurred:

"Q. . . . You are also a—a—

"A. Commissioned.

"Q. —commissioned officer here for the county; is that correct?

"A. Yes. That's—

"Q. You received a county—county commission from the Howell County Sheriff; is that correct?

"A. That's correct.

"Q. And at the time of this stop, did you carry a county commission?

"A. Yes, I did.

"Q. So, you do also carry powers of arrest outside of the city limits—(inaudible).

MR. BROWN [defense counsel] I object to that, Your Honor, as being—

THE WITNESS: That is correct.

MR. BROWN: I object and ask for that to be stricken."

The trial court ruled that the question called for a legal conclusion, sustained Ledbetter's objection, and ordered that "the last answer" be stricken.

Thereon, the following occurred:

"Q. [To Bean] You do carry a county commission for Howell County, though; is that correct?

"A. That is correct.

"Q. . . . And that was assigned by the current sheriff here in Howell County?

"A. That is correct."

On cross-examination, Bean testified that he was a reserve deputy for the Howell County sheriff, but that on March 10, 1996, he was not working for the sheriff's department.

The trial court initially upheld Director's revocation of Ledbetter's license. However, the trial court entered an amended judgment in which it ordered Director to reinstate Ledbetter's license. This appeal followed.

## DISCUSSION AND DECISION

Director raises two points on appeal. The second point relied on is dispositive. It reads:

> "The trial court erred in ruling that the evidence of the arresting officer's commission was inadmissible because said evidence was neither hearsay nor excluded by the best evidence rule in that the arresting officer testified concerning a fact within his personal knowledge."

At first glance, this point seems to mischaracterize what the record shows and to charge trial court error that never occurred. This stems from the fact that Bean's testimony about holding a commission from the Howell County sheriff came in without objection. The record reveals that during the hearing the trial court never ruled Bean's "commission" testimony was inadmissible as alleged.[2] However, to adequately show the basis for Director's claim of error, we must

2. The evidence that Ledbetter objected to and the trial court excluded was Bean's opinion on whether he had "powers of arrest outside of the city limits."

provide background to the trial court's judgment.

Initially, the trial court rendered judgment denying Ledbetter's request for license reinstatement. Ledbetter then filed a "Motion to Set Aside Judgment." In this motion Ledbetter pointed out—correctly so—that Bean's testimony was the only evidence in the case concerning his commission. However, Ledbetter then mistakenly said that her lawyer had "specifically objected" to Bean's testimony about his commission. The trial court, apparently relying on Ledbetter's mistaken recollection of the record, reconsidered its earlier decision and entered an amended judgment.

In pertinent part, the amended judgment reads:

"The only evidence that ... Bean held a Howell County Deputy commission was his testimony to that effect which *was received over [Ledbetter's] objection.* In its original judgment the Court found the question of ... Bean's commission to be irrelevant since evidence obtained by unlawful arrest is nevertheless admissible in a civil proceeding such as this one.

"However, the Court overlooked a deeper question to which [Ledbetter's] objection is directed. This deeper question is whether [Ledbetter] was under arrest at all, a statutory element under § 577.041. Put briefly, the cited cases hold that if the arresting officer is not shown to possess territorial authority at the time and place of the purported arrest, no arrest occurs and the statutory element fails.

"Officer Bean's testimony was not sufficient proof of his county commission *given timely and proper objection* by [Ledbetter] on grounds of hearsay and best evidence. *Given that objection,* the Court could not find Officer Bean's authority unless the actual commission were received in evidence. It was not.

"WHEREFORE, *for the foregoing reasons,* the motion to set aside judgment will be sustained and the Court ... adjudge[s] that the order of the Director herein ...

be vacated. The Director is ordered to reinstate [Ledbetter's] license ...." (emphasis supplied).

■ From this we perceive that the trial judge either relied on Ledbetter's faulty recollection that Bean's "commission" testimony had been excluded or treated his sustention of the "powers of arrest" question as also excluding Bean's "commission" testimony. In either event, the trial court obviously excluded from its consideration Bean's testimony that he was a commissioned Howell County deputy and used the absence of this evidence as the basis for its final decision. In urging reversal, Director relies primarily on *Elliot v. Director of Revenue,* 882 S.W.2d 745, (Mo.App.1994) and *Cooley v. Director of Revenue,* 896 S.W.2d 468 (Mo.banc 1995). *Elliot* holds that the issue of a peace officer's certification is a matter within the peace officer's knowledge and therefore not within the best evidence rule. 882 S.W.2d at 747. Moreover, *Elliot* holds that an officer's testimony based on his personal knowledge of his certification is not hearsay. *Id.* at 747[4].

In *Cooley,* the supreme court approved of the eastern's district's holding in *Elliot.* The *Cooley* court reasoned that whether the issue is the mere possession of the certificate or the fact that the officer was certified as a peace officer, proof is of facts that exist independently of the certificate and need not be proved by the writing. 896 S.W.2d at 471. Thus, an officer's testimony based on his personal knowledge of his certification as a peace officer is not within the scope of the best evidence rule. *Id.* at 471. Nor is it hearsay. *Elliot,* 882 S.W.2d at 747[4]. Nor is such testimony objectionable on the grounds that it calls for a legal conclusion. *Roach v. Director of Revenue,* 941 S.W.2d 27, 31 n. 5 (Mo.App.1997).

The same rationale applies to Bean's "commission" testimony as was applied to "certification" testimony in *Cooley, Elliot,* and *Roach.* Following those cases, we hold that the trial court erred in rejecting Bean's testimony regarding his deputy sheriff's commission.[3]

---

3. We do not mean to imply that Bean's testimony of his commission, without evidence of compli-

ance with § 57.101, was sufficient to prove that Ledbetter was lawfully arrested for violation of a

Even so, another question remains. Has the trial court reached the correct result even through it erred in not considering Bean's "commission" testimony? In a court-tried case, we are to sustain the judgment of the court if the result was correct on any tenable basis. *In re Marriage of DuBois*, 875 S.W.2d 223, 228[6] (Mo.App.1994). In reviewing a judge-tried civil case, our concern is the "correctness of the trial court's result, not the route taken to reach it." *Kopp v. Franks*, 792 S.W.2d 413, 419[1] (Mo. App.1990). These rules are tempered, however, by the necessity that the judgment be " 'correct upon any legal theory consistent with the proceedings.' " *Cottonhill Inv. Co. v. Boatmen's Nat'l. Bank of Cape Girardeau*, 887 S.W.2d 742, 743 (Mo.App.1994) (quoting *Morris v. Western Casualty and Surety Co.*, 421 S.W.2d 19, 21 (Mo.App.1967)).

In 1993 the legislature amended § 544.157 and thereby empowered a police officer such as Bean to make an arrest after fresh pursuit commenced within such officer's jurisdiction.[4]

With the facts revealed by this record and the existence of § 544.157, we can find no tenable basis to affirm the judgment.[5]

The judgment is reversed and the case is remanded for further proceedings.

MONTGOMERY, C.J., and BARNEY, J., concur.

---

municipal ordinance. We presume Director wanted to show Bean's commission as proof that he was empowered as a deputy sheriff to arrest Ledbetter for a violation of state law; hence, even if Ledbetter's arrest for violation of the city ordinance was illegal, the exclusionary rule requiring suppression of evidence would not apply in this refusal case. *See Sullins v. Director of Revenue*, 893 S.W.2d 848, 849 (Mo.App.1995); *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 491 (Mo.App.1996); *Lewis v. Director of Revenue*, 916 S.W.2d 856, 858 (Mo.App.1996).

4. In pertinent part, § 544.157 provides:

"1. Any peace officer certified under chapter 590, RSMo, of any political subdivision of this state .... in fresh pursuit of a person ... who has committed ... in the presence of such officer ... any ... violation of a municipal ... ordinance ... shall have the authority to arrest and hold in custody such person anywhere in this state. Fresh pursuit may only be initiated from within the pursuing peace officer's ... jurisdiction and shall be terminated once the pursuing peace officer is outside of his jurisdiction and has lost contact with the person being pursued...."

5. Inexplicably, throughout this litigation Director has wholly ignored § 544.157.