Gary A. COLEMAN, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant,

No. 21852.

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, for Appellant.

Robert E. Childress, Springfield, for Respondent.

SHRUM, Judge.

Missouri's Director of Revenue (Director) suspended Respondent's driving privileges for driving with a blood alcohol concentration in excess of 0.10%. *See* § 302.505.[1] Respondent filed for a trial de novo on this issue as authorized by § 302.535, RSMo 1994. Ultimately, the court excluded Exhibit 1 (copies of records essential to Director's case) because Director did not furnish Respondent all such documents seven days before trial as required by the business records statute, § 490.692, RSMo 1994. Accordingly, the court entered judgment directing the reinstatement of Respondent's driving privileges.

Director appeals, charging trial court error in its exclusion of Exhibit 1 which she says was admissible under § 302.312. We agree. We reverse and remand.

 Upon review, we will affirm the trial court's judgment to reinstate Respondent's driving privileges unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976); *Hawk v. Director of Revenue*, 943 S.W.2d 18, 19–20[1] (Mo.App.1997). We are to sustain the trial court's judgment if the result was correct on any tenable basis. *Ledbetter v. Director of Revenue*, 950 S.W.2d 656, 659[2] (Mo.App.1997). "[O]ur concern is the 'correctness of the trial court's result, not the route taken to reach it.'" *Id.* at 659[3] (quoting *Kopp v. Franks*, 792 S.W.2d 413, 419[1] (Mo.App.1990)). Thus, in our review of a claim that evidence was erroneously excluded "the question is whether the trial court's ruling on an objection is correct and not whether it is correct on the particular grounds raised." *State ex rel. State Hwy. Comm'n v. City of Sullivan*, 520 S.W.2d 186, 190[9] (Mo.App.1975).

Respondent was arrested on August 17, 1996, for driving while intoxicated. He was taken to the Taney County jail where he submitted to a breath test. The BAC Data-Master breath analyzer recorded Respondent's blood alcohol concentration at 0.226%.

Director suspended Respondent's driving privileges and the suspension was sustained following an administrative hearing. Respondent then petitioned the Taney County circuit court for a trial de novo.

On March 25, 1997, Director filed with the circuit clerk a "Certificate of Filing." This document recited that she had given Respondent's lawyer "business records pursuant to Missouri Statute 490.692(1)" consisting of "[t]he Alcohol Influence Report and supporting documents, including the maintenance record(s) for the 8/17/96 arrest of [Respondent]." Also, Director filed an affidavit by her records custodian, Brooke A. Smith. In the affidavit, Smith identified the nine pages attached as records kept by the Driver's License Bureau in the regular course of business. Moreover, Smith certified "pursuant to § 302.312 ... that the records attached ... are original records or exact duplicates thereof lawfully filed or deposited with the Department of Revenue by reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577, RSMo."

At trial, Director's counsel offered into evidence documents collectively identified as Exhibit 1. However, this exhibit contained four pages that were not attached to the record custodian's March 17, 1997, affidavit. These previously undisclosed pages contained printouts from a maintenance check on the breath analyzer, the certificate of analysis for the simulator solution used to test the breath analyzer, and the Type II permit of Sgt. Linn Windle who maintained the breath analyzer. Respondent objected to Exhibit 1, arguing *inter alia* that the documents were being offered under the business record exception of § 490.692, RSMo 1994 and that he was not given notice of the additional four documents.

In response, counsel for Director told the court that Exhibit 1 was not being offered under the business record exception. Instead, she stated, "I am offering it under [§ ] 302.312, which states that records that are lawfully deposited with the Department of

---

1. All statutory references are to RSMo Supp. 1996 unless otherwise stated.

Revenue shall be admissible in court." Director's counsel then directed the trial court's attention to the "Certified Cover Letter" by the records custodian that was part of the proffered exhibit. In pertinent part, it read:

"This is to certify that the attached documents are true and authentic records of the Driver's License Bureau, Missouri Department of Revenue, for [Respondent] relating to the driver license history and administrative alcohol case documents."

Ultimately, the trial court found that "essential records [were] not contained in [the] Business Records Affidavit filed March 25, 1997, to support the admissibility of [Director's] Exhibit 1 at trial...." The court excluded Exhibit 1 from evidence, entered judgment for Respondent, and ordered that "the Suspension/Revocation previously issued [be] set aside...." This appeal followed.

Director's first point reads:

"The trial court erred in excluding from evidence Exhibit 1, which consisted of copies of Department of Revenue records, because these records were admissible as evidence under § 302.312, RSMo Supp. 1997, which was amended after the decision in *Hadlock v. Director of Revenue,* [860 S.W.2d 335 (Mo.banc 1993)] in that the records were properly certified by the appropriate custodian." [2]

Director insists that the trial court was wrong when it rejected Exhibit 1 on the basis that the last four pages thereof had not been served on Respondent at least seven days before trial as required under the business records law. Director points out—correctly so—that Exhibit 1 was offered "under the recently amended § 302.312," and that this statute, unlike the business records law, does not have a service requirement.

In pertinent part, § 302.312 provides:

"Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health *and copies of any records, properly certified by the appropriate custodian or the director,* shall be admissible as evidence in all courts of this state and in all administrative proceedings." (emphasis supplied).

In *Mills v. Director of Revenue,* 964 S.W.2d 873 (Mo.App.E.D.1998), the eastern district examined the history of § 302.312 and then concluded:

"[*H]adlock* is no longer the controlling case in interpreting this statute.

. . . .

"The language of Section 302.312 RSMo (1996) is clear and unambiguous. Copies of documents from the department of revenue are admissible as evidence so long as the copies are properly certified."

*Id.* at 875. This court agrees.

■ Here, Director moved for the admission of Exhibit 1 as evidence in reliance on § 302.312. Exhibit 1 contained copies of documents with a letter of certification virtually identical to that approved in *Mills. Id.* at 875–76, n. 3. Accordingly, the trial court erred in excluding Exhibit 1 from evidence.

In reaching this conclusion we do not ignore Respondent's claim that there is a tenable basis to support the judgment. Specifically, Respondent argues that the maintenance report and simulation solution records are Department of Health records, and therefore are not admissible as Department of Revenue records despite § 302.312. Department of Health regulations mandate that copies of the DataMaster maintenance report and its attachments be filed with that administrative agency.[3] File stamps on part of Exhibit 1 reveal that some of the subject documents were filed with State Public Health Laboratory.[4]

---

2. The *Hadlock* court held that § 302.312, RSMo 1986 simply alleviated the need to present original documents. *Id.* at 338[6]. As *Hadlock* noted, however, the language of this earlier statute left the copies "subject to the same foundation objections as would be their originals: authentication and hearsay." *Id.*

3. See 19 CSR 25–30.031(3) requiring a Type II operator to retain the original maintenance report and send a copy to the Department of Health and 19 CSR 25–30.051(3) requiring a copy of the certificate of analysis to be attached to the maintenance report.

4. In part, § 192.050, RSMo 1994 provides: "The department of health shall maintain a bureau of

In response, Director points out that § 302.510.1 requires an arresting officer to forward a report (Alcohol Influence Report) to the Department of Revenue. Also, Director says that the Alcohol Influence Report form directs the arresting officer to attach the most recent maintenance report to the Alcohol Influence Report. Continuing, Director argues that although § 19 CSR 25–30.041 "[m]ay require that a copy of the maintenance report be forwarded to the Department of Health, that does not preclude the same report form being lawfully deposited with the Department of Revenue in § 302.505 actions, nor does it make that report a Department of Health record."

The problem with Director's argument is that we do not know how she got the questioned records. Conspicuously absent from the record is any evidence on this subject. Also, Director never explains why the questioned records were not submitted with the March 27, 1997, affidavit, nor does she explain why these documents have no Department of Revenue file stamp. These circumstances suggest two possibilities: (1) the arresting officer did not file the subject documents as he should have and Director received them after the March 27, 1997, affidavit was filed, either from the Department of Health or from the officer; or, (2) Director had the questioned documents from some source but omitted them when the March 27, 1997, affidavit was filed.

 Generally, the phrase "file or deposit" a document means to deliver "the paper to be filed to the proper officer at the proper place within the proper time, and the [receipt] of it by him to be placed on file or to be kept in his official capacity." *Fidelity*

State Bank v. La Tempa, 350 S.W.2d 276, 280[2] (Mo.App.1961). See also BLACK'S LAW DICTIONARY 628 (6th ed.1990). Thus, arguably Respondent's argument might have merit if § 302.312 only rendered admissible those records "lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health." However, the statute is not so limited. The statutes goes further and makes *"copies of any records, properly certified by the appropriate custodian or the director"* admissible. Accordingly, if copies of records that were "lawfully filed or deposited" with the Department of Health or arresting officer are then furnished to Director for his or her use in deciding if revocation or suspension is warranted, such records (when properly certified by the appropriate custodian or Director) are admissible under § 302.312. We reject Respondent's arguments to the contrary.[5]

The trial court erroneously applied the law and accordingly we reverse its judgment and remand the cause.

MONTGOMERY, C.J. and BARNEY, J., concur.

---

vital statistics [and] a bureau of laboratories...."

5. In *Green v. Director of Revenue*, 952 S.W.2d 781 (Mo.App.1997), Director refused to produce DataMaster maintenance printouts and a certificate of analysis pursuant to Rule 58.01. Director insisted that the highway patrol had possession of those documents. Continuing, Director argued—successfully—that since she did not possess these documents, she was not required to disgorge what she did not have. *Id.* at 782. We need not decide if Director can have it both ways, i.e., refuse discovery per *Green*, yet urge admissibility for the same records as was done here. We need not analyze this seemingly inconsistent position by Director since Respondent made no discovery request under Rule 58.01. We will neither speculate about questions on which evidence is silent, *Eberly v. Lehmer*, 48 S.W.2d 151, 153[3] (Mo.App.1932) nor render advisory opinions nor decide nonexistent issues. *In re Marriage of DuBois*, 875 S.W.2d 223, 226[2] (Mo.App.1994). By the same token, this opinion is not to be read as broadening the scope of § 302.312 beyond the type of documents at issue here.